■ In the Matter of MARY VAN DEUSEN GREENBLATT, Appellant, v SHIRLEY VAN DEUSEN et al., Respondents. — Appeal from an order of the Family Court of Delaware County (Farley, J.), entered July 30, 1981, which denied, without a hearing, petitioner's application to modify a prior order of custody. On September 12, 1980, after a full hearing pursuant to section 651 of the Family Court Act, the Family Court awarded custody of the three-year-old child of the parties to the father, subject to the conditions that he reside with the paternal grandparents and that he be assisted by the paternal grandparents in the child's care and upbringing. Approximately two months later, the mother filed a petition seeking modification of the prior custody order. The Family Court

dismissed this petition without a hearing, on the ground that it was based upon the same allegations which were the subject of the mother's report of neglect to the County Department of Social Services, which was determined to be unfounded after investigation by the department's child protective unit. The instant appeal involves the Family Court's denial of a second modification petition by the mother, filed May 1, 1981, also without a hearing. The Family Court was in error in denying the petition without a hearing, either on the basis of its insufficiency as a pleading or on the basis of the outside investigation referred to in the court's decision. Pleadings before the Family Court, like those in all other civil actions, are to be liberally construed (Family Ct Act, § 165; see CPLR 3026). The generalized allegations of the petition, alleging a change in circumstances consisting of the custodial parent's failure to provide proper discipline and to attend to the child's behavioral development, and the father's interference in the relations between petitioner and the child, at least barely set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought. This is particularly so in light of the recent holding in which the Court of Appeals relaxed the requirement of pleading and proof of extraordinary circumstances in change of custody cases (*Friederwitzer v Friederwitzer*, 55 NY2d 89). The Family Court was equally unjustified in denying the petition without a hearing because "our latest investigation reveals that there is absolutely no substance to any of the allegations of the petition". It is now well settled that in the absence of stipulation or other consent, custody matters may not be determined on the basis of an out-of-court report of an investigation without at least affording the party adversely affected an opportunity to examine such report and to offer evidence in rebuttal (*Matter of Lincoln v Lincoln*, 24 NY2d 270, 273; *Sauer v Sauer*, 67 AD2d 1082; *Matter of Austin v Austin*, 65 AD2d 903, 904). Consequently, the matter must be remitted for a hearing. Order reversed, on the law and the facts, without costs, petition reinstated, and matter remitted to the Family Court of Delaware County for a hearing. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.