■ In the Matter of MICHAEL D. STARK et al., Respondents, v MARY ANN KINNAW, Appellant. [622 NYS2d 826] —Crew III, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 2, 1994, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of respondent's child.

Respondent's son, Anthony, was born in 1982. Although not entirely clear from the record, it appears that the Albany County Department of Social Services (hereinafter DSS) determined in 1985 that respondent was not properly providing for Anthony and he was placed with a relative for a period of time. Thereafter, in 1987, respondent voluntarily placed Anthony with DSS which, in turn, placed Anthony with petitioners, who served as his foster parents. Although Anthony returned to live with respondent in 1989, it appears that he continued to spend a fair amount of time with petitioners on weekends and during school vacation periods.

In May 1992, respondent filed a petition alleging that Anthony was a person in need of supervision and Anthony again was placed with petitioners. Respondent's November 1992 application to terminate Anthony's placement with petitioners was denied and, in March 1993, petitioners commenced this proceeding for custody of Anthony. A hearing ensued at which respondent appeared and testified, and a number of evalua-

tions and reports were entered into evidence.* Family Court ultimately granted petitioners' application for custody finding, *inter alia,* that respondent possessed certain "characterological deficits" which seriously interfered with her ability to function as a parent. This appeal by respondent followed.

There must be a reversal. "It has long been the law in this State that a parent has 'a right to the care and custody of a child, superior to that of all others, unless he or she has abandoned that right or is proved unfit to assume the duties and privileges of parenthood' " *(Matter of Male Infant L.,* 61 NY2d 420, 426, quoting *People ex rel. Kropp v Shepsky,* 305 NY 465, 468 [citations omitted]). Thus, simply stated, "absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances", a parent may not be deprived of custody *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; *see, Matter of Williams v Dunston,* 202 AD2d 681, 682, *lv denied* 84 NY2d 803). In this regard, it is important to note that a court cannot deprive a parent of custody merely because it believes that someone else could do a better job. Although the best interest of the child is a relevant inquiry, that issue is not reached unless and until the party seeking to deprive the natural parent of custody satisfies the threshold requirement of establishing extraordinary circumstances *(Matter of Male Infant L., supra,* at 427; *see, Matter of Gray v Chambers,* 206 AD2d 619).

Here, the "extraordinary circumstances" found by Family Court were based upon the court's conclusion that respondent possessed certain "characterological deficits", including an inability to plan, organize, solve problems and emotionally bond with her son which, in the court's view, seriously interfered with Anthony's emotional development and respondent's ability to function as a parent. Even assuming that the documentary evidence in the record is sufficient to support Family Court's findings in this regard, we are of the view that such findings do not establish the extraordinary circumstances necessary to deprive respondent of her child. Although respondent's ability to plan, organize and bond with her son plainly has a direct bearing on her fitness as a parent, Family Court found no proof of abandonment or persisting neglect and, most significantly, expressly declined to find respondent unfit.

---

* These documents included, *inter alia,* July 1992 and December 1993 reports by the Albany County Department of Probation, a July 1992 home study by DSS, various evaluations conducted by Samaritan Sheters and a July 1993 evaluation conducted by the Albany County Department of Mental Health.

In short, whatever respondent's deficiencies as a parent may be, the findings made by Family Court do not, in our view, establish the type of "gross misconduct * * * or other behavior evincing utter indifference and irresponsibility" *(Matter of Male Infant L., supra,* at 427 [citations omitted]) necessary to deprive respondent of her son and, as such, there was no basis for finding that extraordinary circumstances were present *(see, Matter of Culver v Culver,* 190 AD2d 960, 961; *compare, Matter of Hansen v Post,* 167 AD2d 702, *lv denied* 77 NY2d 807 [demonstrated history of parental abuse and neglect supported finding of unfitness]). Accordingly, respondent is entitled to custody of her son *(see, supra).* Petitioners' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.