■ Jeffrey L. Doppelt, Respondent, v Elissa J. Doppelt, Appellant. [627 NYS2d 75] —In a divorce action, the defendant wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Kutner, J.), dated November 12, 1993, which, *inter alia,* denied that branch of her motion which was to set aside the parties' stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Stipulations of settlement are favored by the courts and not lightly cast aside (see *Matter of Galasso,* 35 NY2d 319, 321). This is all the more so in the case of 'open court' stipulations * * * where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" *(Hallock v State of New York,* 64 NY2d 224, 230; *Sontag v Sontag,* 114 AD2d 892, 893). Thus, absent fraud, overreaching, mistake, or duress, the stipulation will not be disturbed by the court *(see, Hallock v State of New York, supra,* at 230; *Zwirn v Zwirn,* 153 AD2d 854; *Bossom v Bossom,* 141 AD2d 794, 795). Additionally, where the agreement is fair on its face, such that there is no inference of overreaching, vacatur is not warranted even if one party failed to disclose financial information, unless the undisclosed information was of such consequence that had it been dis-

closed, the other party would not have executed the agreement (see, Stockfield v Stockfield, 131 AD2d 834).

In the present case, the record supports the trial court's finding that the defendant wife was represented by counsel when she voluntarily and knowingly entered into the stipulation of settlement, notwithstanding her suspicions that her husband had converted certain marital property to personal property. There is no evidence in the record to support the wife's contention that she was fraudulently induced or coerced into settling the case, or that the court compelled her to enter into the settlement. Efforts by the court to assist in the settlement of a matter do not rise to the level of coercion when a trial is the only alternative to settlement. Furthermore, the record supports the trial court's findings that the provisions of the stipulation agreement were fair and reasonable. The wife's motion to vacate the stipulation was therefore properly denied.

We find no merit to the wife's remaining contentions. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.