■ In the Matter of KIMBERLY A. DAVIES, Appellant, v TODD M. DAVIES, Respondent. (And Another Related Proceeding.) [636 NYS2d 232] —Peters, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered August 9, 1994, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 6, for modification of prior orders.

Petitioner is the mother of two children, Edward Harris (born in 1989) and Todd Davies (born in 1991). Respondent Todd M. Davies (hereinafter Davies) is the father of the second child. In December 1991, Edward was adjudicated to be a neglected child and was placed with the Broome County Depart-

ment of Social Services pursuant to Family Court Act § 1055 for a period of 12 months. From what we can glean from this incomplete record, at some point the order of disposition was modified (*see,* Family Ct Act § 1061) to place Edward in the joint custody of petitioner and respondent Frederick Denny, Davies' stepfather, with Denny having primary physical custody and the Department retaining supervision (*see,* Family Ct Act § 1054). In February 1994, the Department petitioned for and received, upon consent, a nine-month extension of the order providing for supervision of Edward. With respect to the child Todd, while the original order of custody was not included in the record, petitioner's modification petition indicates that by virtue of an order entered in November 1992, sole custody was to continue with Davies, with visitation granted to petitioner.

In March 1994, by separate petitions, petitioner sought, *inter alia,* sole custody of Edward and joint custody of Todd. In support of the petition pertaining to Edward, petitioner alleged that she moved to Louisiana to be closer to her family and to avoid continued harassment by Davies. Further, she contended that she had been forced to maintain contact with her son solely through the Department.

With respect to the child Todd, petitioner once again contended that she had been forced to move due to continued harassment by Davies. She further alleged that Davies had an unlisted telephone number which thereby prevented her from having contact with her son. She further contended that Davies refused to have any communication with her and that she was not being apprised of Todd's medical care and general well-being.

At an initial appearance scheduled in July 1994, petitioner's assigned counsel appeared and noted that petitioner was not present since she had just received notice of the court date and was unable to afford the trip from Louisiana. Family Court, reviewing the petitions before it, noted that many of the parties had been before the court as recently as February 1994, just one month prior to the date of the instant petitions, when it received the petition filed by the Department to extend the supervision of Edward and increase petitioner's visitation. Noting that petitioner had agreed, at such time, to a particular visitation schedule and an extension of placement for Edward, the court ruled that the petitions be dismissed, insofar as they dealt with issues of custody, for their failure to allege a sufficient change in circumstances. Yet, the court reserved petitioner's right to "repetition for visitation modification with a legally sufficient petition". Petitioner now appeals.

Petitioner contends that Family Court erred by dismissing both of her petitions for custody without first conducting an evidentiary hearing. Addressing first the child Edward, we find that the court properly dismissed this petition since petitioner improperly filed a petition seeking a modification of a custody/visitation order issued pursuant to Family Court Act article 6. Since custody of Edward was a result of a proceeding brought pursuant to Family Court Act article 10, petitioner should have filed a petition seeking a modification of an order pursuant to Family Court Act § 1061 which would have required, *inter alia*, petitioner to name the Department as a necessary party. We further note that had a legally sufficient petition been brought pursuant to Family Court Act § 1061, it was within the court's discretion, after examining the petition and the answer thereto, to determine whether a hearing was necessary (*see*, Family Ct Act § 1064).[1]

As to the child Todd, we find Family Court to have committed error. According to the petition, the last order of custody was entered on November 18, 1992. The current petition clearly set forth specific allegations establishing a prima facie showing of a change in circumstances and how the best interest of Todd would be served by the relief requested.[2] While generally an evidentiary hearing would be necessary concerning a modification of a prior custody determination (*see, Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821; *Matter of Greenblatt v Van Deusen*, 87 AD2d 713, 714), no hearing is required when "the information before the court enables it to undertake a comprehensive independent review of the child's best interest" (*Matter of Oliver S. v*

---

1. We note that the placement of Edward was made pursuant to the dispositional alternatives of Family Court Act article 10 and, thus, unless there is an order of custody issued pursuant to Family Court Act article 6 which was omitted from this record, the dispositional alternatives of article 10 provide, *inter alia*, for the placement of a child for a one-year period, with successive extensions, should they be granted, for no more than a one-year period. Thus, the argument advanced by both petitioner and, tangentially, the Law Guardian, is that the instant circumstances require a showing of unfitness or other extraordinary circumstances if the court will ultimately deprive the biological parent of her natural right to custody. We will neither reach such issue nor address the Law Guardian's contention that the custody petition be held in abeyance pending a "fitness" determination due to the nature of the petition before us (*cf., Matter of Male Infant L.*, 61 NY2d 420; *Matter of Stark v Kinnaw*, 212 AD2d 943).

2. As to petitioner's contentions that Family Court, believing it had petitions seeking a modification of custody, utilized an incorrect standard of review, we note that upon our review of the transcript, no error was found in the standard employed (*see, Matter of Irwin v Neyland*, 213 AD2d 773; *Matter of Kamholtz v Kovary*, 210 AD2d 813, 814).

*Chemung County Dept. of Social Servs., supra,* at 821-822; *see, Matter of Goldman v Goldman,* 201 AD2d 860, 861, 862). Upon the record before us, we find that there was insufficient information before Family Court to enable it "to undertake a comprehensive independent review" (*Matter of Oliver S. v Chemung County Dept. of Social Servs., supra,* at 822). Accordingly, Family Court committed error by not holding a hearing on that petition.

We modify Family Court's order by reversing so much thereof as dismissed the petition as to the child Todd, and, as so modified, affirm.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition against respondent Todd M. Davies; matter remitted to the Family Court of Broome County for further proceedings on said petition not inconsistent with this Court's decision; and, as so modified, affirmed.