■ In the Matter of COLLEEN HERMANN, Appellant, v JOHN CHAKURMANIAN, Respondent. [663 NYS2d 413] —Yesawich Jr., J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered October 18, 1996, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent entered into a stipulation in open court on August 6, 1996 by the terms of which they agreed to joint legal custody of their minor son, with primary physical custody to be with petitioner; respondent was to have liberal

visitation.* Shortly thereafter petitioner secretly relocated to South Carolina, taking the parties' son. Upon learning this, respondent made various applications to Family Court seeking, *inter alia*, sole custody of the child. The applications were made returnable on October 17, 1996. Petitioner, who was served with copies thereof in South Carolina, informed the court by letter dated October 2, 1996 that she would be unable to appear on the return date.

On October 17, 1996, respondent, his attorney, the Law Guardian appointed to represent the parties' son and petitioner's attorney appeared before Family Court. An application to withdraw as counsel, previously made by petitioner's attorney with her client's knowledge, was granted by Family Court at the start of the proceedings. After considering the recommendation of the Law Guardian, Family Court granted respondent's application for sole custody of his son. Petitioner appeals, contending that Family Court should not have granted respondent's application in the absence of counsel representing her interests and without conducting a full evidentiary hearing.

Petitioner's failure to appear before Family Court on the return date constituted a default. Inasmuch as petitioner has not moved to reopen or vacate her default, she is precluded from appealing Family Court's order (*see, Matter of Mitchell v Morris*, 177 AD2d 579; *Matter of Menaldino v Johnson*, 162 AD2d 758, *lv dismissed* 76 NY2d 933). Notwithstanding petitioner's contrary suggestion, we do not read her October 2, 1996 letter as a request for an adjournment or for new counsel (*see, Matter of Menaldino v Johnson, supra*).

Were we to consider petitioner's substantive claim, we would find it to be without merit. "While generally an evidentiary hearing would be necessary concerning a modification of a prior custody determination * * * no hearing is required when 'the information before the court enables it to undertake a comprehensive independent review of the child's best interest'" (*Matter of Davies v Davies*, 223 AD2d 884, 886, quoting *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822 [citations omitted]). Here, Family Court was fully familiar with relevant background facts regarding the parties and the child from past proceedings. In addition, the Law Guardian provided the court with current information concerning the observations of the child's counselor, including the

---

* This stipulation was later embodied in an order of custody and visitation rendered by Saratoga County Family Court and entered on September 25, 1996.

disruption to the child caused by the relocation and the counselor's opinion that the child's best interest would be served by awarding sole custody to respondent. Under the circumstances presented, we find no abuse of discretion in Family Court's failure to conduct an evidentiary hearing prior to awarding sole custody to respondent.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

