■ In the Matter of PETER M. BLACK et al., Respondents, v ERIN JOHNSON, Appellant. [674 NYS2d 477] —White, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered May 23, 1997, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for custody of their niece.

Respondent, a single mother working two jobs, has had significant difficulties in raising her now 16-year-old daughter, Jasmine, who was born in 1981. Because of disciplinary problems and a lack of control, respondent enrolled Jasmine in a PINS detention home on two separate occasions. As a result of another serious disagreement, during which time respondent called the police, Jasmine left the home and took up residence with her aunt and uncle, petitioners in this matter. At this point the parties agreed that petitioners would have temporary custody of Jasmine and she remained with them under this voluntary arrangement from February 1996 to July

1996. During this period respondent visited her daughter and provided support payments. On July 19, 1996, petitioners filed a petition for custody of Jasmine and subsequently, as a result of a stipulation, Family Court awarded temporary custody of Jasmine to petitioners for a 90-day period during which time respondent and Jasmine were to attend family counseling and respondent was to have weekly visitation. Jasmine rejected the counseling after two sessions and ultimately refused to visit with respondent. The matter then proceeded to trial and after hearing testimony from respondent and petitioners, together with an in camera interview with Jasmine and a psychological evaluation of the parties, Family Court granted custody of the child to petitioners.

It has long been the law in this State that absent surrender, abandonment, persistent neglect, unfitness or similar extraordinary circumstances, a biological parent has the right to the care and custody of a child superior to all others, even though a "better" parent might be found (see, Matter of Michael B., 80 NY2d 299, 309; Matter of Stark v Kinnaw, 212 AD2d 943, 944; Matter of Canabush v Wancewicz, 193 AD2d 260, 262). Further, the burden of proving extraordinary circumstances rests with the party seeking to displace parental custody (see, Matter of Burghdurf v Rogers, 233 AD2d 713, 714), and until a party seeking to deprive the natural parent of custody satisfies this threshold requirement, the issue concerning the best interest of the child cannot be addressed (see, Matter of Stark v Kinnaw, supra, at 944).

Here, the record fails to disclose, and Family Court in its decision acknowledged, that there was any proof that respondent was an unfit parent or that she surrendered, abandoned or neglected her child. However, the court found extraordinary circumstances from respondent's indifferent attitude and lack of concern toward the child, a conclusion belied by the record which indicates that, evincing considerable hostility, Jasmine rebuffed several attempts by respondent to repair their relationship. The court also found serious emotional turmoil between mother and daughter and determined that the problems between them were irreconcilable and that Jasmine would suffer emotional harm if she was returned to respondent.

Although we are reluctant to substitute our judgment for that of Family Court, based on the record before us we find neither a complete abdication of parental responsibilities nor utter indifference and irresponsibility which rises to the level of gross misconduct (see, Matter of Male Infant L., 61 NY2d 420, 427; Matter of Culver v Culver, 190 AD2d 960, 961), and

we have previously held that disruption of a psychological bond between a child and her nonparental caregiver does not ordinarily rise to the level of an extraordinary circumstance (*see, Matter of Burghdurf v Rogers, supra*, at 715; *Matter of Gray v Chambers*, 222 AD2d 753, 754). Thus, viewing the record in light of our prior decisions in this area, we are constrained to find that petitioners have failed to establish the extraordinary circumstances necessary to deny respondent her custodial rights as a biological parent.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.