■ In the Matter of LORRI WILLIAMS, Appellant, v STEVEN MULLINEAUX, Respondent. [706 NYS2d 227] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered June 9, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Petitioner and respondent are the parents of a child born in 1988. In 1993, following the parties' divorce and petitioner's relocation to Florida, Family Court approved the parties' stipulation granting physical custody of the child to respondent and visitation to petitioner in the Town of Walton, Delaware County, where respondent and the child resided. Thereafter, in April 1999, petitioner filed an application seeking sole custody of the child based upon an alleged change in circumstances and the child's best interest. Family Court dismissed the petition without an evidentiary hearing and this appeal by petitioner ensued.

We are persuaded by petitioner's contention that Family

Court erred in dismissing the petition without first conducting an evidentiary hearing. Liberally construing the allegations of the petition, i.e., that a change in custody is warranted by petitioner's recent move back to Delaware County, respondent's alleged intent to relocate outside the area, his interference with petitioner's visitation and improper punishment of the child, we find that they "at least barely set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought" (*Matter of Greenblatt v Van Deusen*, 87 AD2d 713, 714; *see, Matter of Davies v Davies*, 223 AD2d 884, 886-887). Under these circumstances, an evidentiary hearing was necessary because Family Court did not possess sufficient information to enable it to engage in an independent comprehensive review of the child's best interest (*see, Matter of Kenneth H. v Barbara G.*, 256 AD2d 1029; *Matter of Davies v Davies, supra*). Accordingly, the order must be reversed and the matter remitted to Family Court to permit the required review of the child's best interest.

Spain, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.