■ In the Matter of KHARI S. SHABAZZ, Respondent, v TANYA BLACKMON, Appellant. [710 NYS2d 735] —Peters, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered December 21, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for, *inter alia*, custody of the parties' child.

Petitioner and respondent, the biological parents of Khari Shabazz, Jr. (born in 1994), shared joint legal custody, with primary residence to respondent, pursuant to court order. In October 1997, petitioner sought to modify a prior order of visitation. In March 1998, Family Court directed the parties, the child and respondent's husband to undergo psychological evaluations with Child and Family Forensic Services (hereinafter CFFS) to assist the court in its assessment. Respondent failed to appear for two rescheduled evaluations in March and April 1998 and made no attempt to contact CFFS in connection therewith. Finding that petitioner had, in fact, appeared for his evaluation, Family Court directed the entry of a default judgment and ordered an amendment of its earlier order of custody, transferring primary physical custody to petitioner.

At a subsequent Family Court appearance in June 1998, respondent appeared with counsel and proffered excuses for her failure to appear for the evaluations. At such time, petitioner requested the court to amend his petition to one for custody due to numerous concerns arising from the child's residence with respondent. No objection was made. Thereafter, upon respondent detailing her reasons for failing to appear for the court-ordered evaluations, the court, while finding her to be incredible, vacated the default judgment, restored the matter to its trial calendar and issued a temporary order granting primary physical custody to petitioner.

In July 1998, respondent and her husband appeared for their evaluations with CFFS. By that time, however, the psychologist who had evaluated petitioner was no longer working for CFFS and therefore respondent's evaluation was conducted by another. Accordingly, at the next Family Court appearance on August 26, 1998, the parties agreed, in the presence of the Law Guardian, to have one psychologist conduct the final evaluation so that a recommendation could be made for the purposes

of trial. This final evaluation was scheduled for December 8, 1998 and, again, respondent and her husband failed to appear.

By decision dated December 21, 1998, Family Court concluded that despite its best efforts to complete needed psychological evaluations, respondent's neglect or intentional disregard of its orders warranted a finding of default. In reasoning that her actions portrayed a parent who had no intention of defending the action, the court opined that by its 4½-year history with this family and the recent interim psychological reports addressing, *inter alia*, respondent's failure to properly tend to the child's special educational needs, permanent sole legal and physical custody of the child would be awarded to petitioner. Respondent appeals.

It is well settled that "a party cannot appeal from an order entered upon default, the proper procedure being to move to vacate the default and, if necessary, appeal from the denial of that motion" (*Matter of Hurst v Hurst*, 227 AD2d 689; *see, Matter of Hermann v Chakurmanian*, 243 AD2d 1003, 1004). Since respondent has not moved to reopen or vacate her default, she is precluded from appealing Family Court's order (*see, id.*, at 1004). Had we considered respondent's contention that an evidentiary hearing was required prior to awarding petitioner sole custody, we would have found no error since the court possessed sufficient information " ' "to undertake a comprehensive independent review of the child's best interest" ' " (*id.*, at 1004, quoting *Matter of Davies v Davies*, 223 AD2d 884, 886, quoting *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820, 821-822).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.