OPINION OF THE COURT
William P. Warren, J.
By petition filed under article 6 of the Family Court Act on October 25, 2002, the petitioner seeks to have this court modify an order of the Westchester County Family Court dated April 4, 2000, which awarded the parties joint legal custody of the child, Tonianne C. (date of birth July 30, 1995), and awarded physical custody to the respondent. Petitioner alleges a change of circumstances since the entry of said order in that the re *343 spondent has abused drugs and the petitioner has had physical custody of the child since August 28, 2001 by virtue of a neglect proceeding against the respondent.
The court now has before it the application of the respondent to dismiss the petitioner’s request for modification of the order of custody. The Law Guardian for the subject child has joined in the motion to dismiss.
These parties and the subject child were first before this court by virtue of a neglect petition filed against the respondent by the Rockland County Child Protective Services (CPS) on October 11, 2001 arising out of respondent’s use of illegal drugs. As a result of a finding of neglect, the respondent was placed under CPS supervision for a period of one year from October 17, 2001 to October 17, 2002 and the child placed in the custody of her father, the petitioner herein, for that same year. The petitioner was present in court and consented to said disposition.
On August 14, 2002, a petition for extension of placement and permanency plan hearing was filed. The petition sought to change the original permanency plan from reunification with the respondent mother to reunification with the petitioner father. As the nonrespondent father, the petitioner herein again appeared and participated in the proceedings and was present in court on September 30, 2002 when the permanency plan for the child was approved as modified by the court. The modified plan provides for reunification with the respondent mother by September 30, 2003 with temporary custody to the petitioner father.
In support of respondent’s pending motion to dismiss the petition for modification of custody, she alleges that the petitioner was present with counsel at the neglect hearings and had the right to fully participate and to seek an order of custody in said proceeding. By failing to make reference to any of the proceedings conducted since the custody order of April 4, 2000, respondent contends that the petitioner has, prima facie, failed to establish a change of circumstances.
The Law Guardian argues that the pending article 6 petition is jurisdictionally deficient. She alleges that once a child is adjudged to be neglected, all dispositions must be made under article 10 and not circumvented by an article 6 proceeding.
In opposition to the motion, the petitioner alleges that he is entitled to a hearing relative to his petition as it alleges facts sufficient to establish that a change in custody may be *344 warranted. In addition, he argues that the scope of an extension of placement/permanency hearing is not as intensive as that of a custody hearing and, therefore, the article 10 proceeding should not preclude an article 6 proceeding.
It is the opinion of this court that since custody of the child is the result of a proceeding brought pursuant to Family Court Act article 10, the petitioner has improperly filed a petition seeking modification of a custody order pursuant to Family Court Act article 6. Petitioner should have filed a petition seeking modification of an order pursuant to Family Court Act § 1061 to set aside, modify or vacate the order issued in the neglect proceeding. For this reason alone, the petition herein should be dismissed (see, Matter of Davies v Davies, 223 AD2d 884 [1996]).
If the court were to convert the petition into an application under Family Court Act § 1061, the request to modify custody must be dismissed nonetheless. Section 1061 permits the court, “for good cause shown,” to set aside, modify or vacate any order issued in the course of a proceeding under article 10. In this case, petitioner, in effect, seeks to modify the most recent order of this court, to wit, the order of September 30, 2002 which modified the permanency plan to provide for reunification of the respondent and child by September 30, 2003 and granted temporary custody to the petitioner herein.
As a nonrespondent parent in the article 10 proceeding, the father had every opportunity to participate in said proceeding and to seek an order of permanent custody under Family Court Act § 1035 (d). Indeed, while the father did not formally seek to be permitted full party status under section 1035 (d), he did attend hearings relative to the initial placement, as well as the extension of placement proceeding. He was also represented by counsel at the most recent extension of placement and permanency hearing. The court considered his position, as well as obviously the positions of the mother, Law Guardian and the petitioner in that proceeding (Child Protective Services) when arriving at the decision relative to the permanency plan and custody.
The petitioner filed his petition a mere 25 days after the extension of placement and permanency hearing was completed. Based upon the short lapse of time, the petitioner’s participation in the neglect proceeding and the failure of the petition to allege any subsequent change in circumstances, the petitioner has not alleged sufficient facts to demonstrate good *345 cause why the order of extension of placement and permanency plan should be modified.
Accordingly, the petition herein is dismissed.