In the Matter of AMANDA J. MCCARTHA, Appellant, v HOWARD M. WILLIAMS, Respondent. (And Another Related Proceeding.) [770 NYS2d 670]—

Peters, J. Appeal from an order of the Family Court of Cortland County (Di Stefano, J.), entered February 21, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner filed a petition for custody of the parties' son (born in 1999) alleging that respondent failed to maintain contact with him for 2½ years; the child was only three years old at the time. Petitioner further sought an order permitting her and the child to relocate to North Carolina.

At an initial appearance before Family Court, respondent explained that his failure to maintain contact was due to petitioner's unexpected relocation with the child without notice to him. Thereafter, respondent filed a petition for custody and visitation, alleging that the child was maltreated by petitioner and that her conduct caused his minimal contact with his son.

At the hearing, the parties stipulated to sole custody and physical placement of the child with petitioner; a graduated visitation schedule was granted to respondent which provided for long-term stays by August 2003. Respondent was also assured phone contact and access to the child's educational and medical records. Although he was initially resistant to these arrangements, he capitulated upon being assured that the issue of joint custody could be raised in the future if he displayed legitimate contact and interest in the health and well-being of his child. The Law Guardian agreed that the stipulation was in the child's best interest. Respondent appeals.

We initially reject respondent's contention that he was coerced into accepting this agreement. Despite his initial hesitation, the record reflects that respondent had ample opportunity to review the terms and conditions of the agreement with both counsel and Family Court and was freely able to object to its entry. As " '[s]tipulations of settlement are favored by the courts and not lightly cast aside' " (*Doppelt v Doppelt*, 215 AD2d 715, 715 [1995], quoting *Matter of Galasso*, 35 NY2d 319, 321 [1974]), when dealing with matters of custody, it must be shown that

there was an "unintended mistake of fact . . . [in that] the enforcement of the contract would be unconscionable, the mistake is material and was made despite the exercise of ordinary care by the party in error" (*Matter of Goldman v Goldman*, 201 AD2d 860, 861 [1994]). No such showing was made here.

As to the issue of the child's best interests and the failure of Family Court to conduct an evidentiary hearing before awarding custody, we find that sufficient information was available to Family Court for it to determine that the child's best interests would be served by awarding sole custody to petitioner (*see Matter of Shabazz v Blackmon*, 274 AD2d 770, 771 [2000], *lv dismissed* 95 NY2d 945 [2000]; *Matter of Hermann v Chakurmanian*, 243 AD2d 1003, 1004 [1997]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.