■ In the Matter of DEVONNA O., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DONNA O., Respondent. HERBERT J., Nonparty Appellant. [819 NYS2d 545]—

In a child protective proceeding pursuant to Family Court Act article 10, the nonparty father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Lim, J.), dated October 14, 2005, as, after a hearing, granted the petition to extend the placement of the subject child until August 5, 2006, directed the Administration for Children's Services to file a petition to terminate his parental rights, and changed the permanency goal for the subject child from return to parent to free for adoption.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In June 2000 the subject child was removed from the custody of her unwed mother. In August 2000, upon a neglect finding against the mother, the child was placed with the Commissioner of Social Services. This placement was subsequently extended. The father, who was not a party to the proceeding, was given notice and attended each of the proceedings pursuant to Family Court Act article 10.

The father has standing to contest the order, inter alia, extending the subject child's placement and changing the permanency goal from return to parent to free for adoption. Family Court Act § 1055 (b) (iii) provides that a subject child's parent "shall be a party entitled to participate in the proceeding."

Contrary to the father's contention, however, the Family Court properly extended the placement for the subject child because the father was presently unable to care for the child and continuation of foster care was in the child's best interest (*see Matter of Glenn B.,* 303 AD2d 498 [2003]). Moreover, the court properly changed the permanency goal for the child so as to free her for adoption (*see Matter of Amanda C.,* 309 AD2d 744 [2003]).

The father's remaining contentions are without merit. Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.