■ In the Matter of DONOVAN C. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; KENNETH C., Respondent; DELANDA R., Appellant. (Proceeding No. 1.) In the Matter of ALEXIS C. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; KENNETH C., Respondent; DELANDA R., Appellant. (Proceeding No. 2.) [884 NYS2d 863]—

In two related neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Hepner, J.), dated January 30, 2008, which denied the application of the Administration for Children's Services for a temporary order of custody to the mother, and modified a visitation order of the same court dated March 24, 2004, by, in effect, awarding temporary custody of the subject children to the father, and directing that the mother's visitation from Thursdays through Sundays be terminated and that all visitation between the mother and the children be under the supervision of the Administration for Children's Services.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, she was duly notified of the petition filed against the father under article 10 of the Family Court Act (see Family Ct Act § 1035). Indeed, the mother was granted intervenor status and was represented by counsel at the hearing. The mother fully participated in the hearing, at which her counsel introduced documents into evidence, vigorously cross-examined witnesses and called a rebuttal witness, raised objections, and gave a summation (see Matter of Devonna O., 31 AD3d 766 [2006]).

Further, the Family Court was not required to have a full hearing on permanent custody before rendering its determination on temporary custody and visitation (see Matter of Amir J.-L., 57 AD3d 669 [2008]). The court was fully familiar with the parties, having presided over their custody case since 2005 and possessed sufficient information to render an informed and provident temporary determination prior to the completion of a full hearing (see McAvoy v Hannigan, 41 AD3d 791, 792 [2007]; Matter of Melikishvili v Grigolava, 20 AD3d 569, 570 [2005]; Matter of Levande v Levande, 10 AD3d 723, 724 [2004]; Matter of McCartha v Williams, 3 AD3d 750, 751 [2004]). Moreover, the Family Court providently exercised it discretion in modifying the prior visitation order (see Matter of Frey v Ketcham, 57 AD3d 543, 543-544 [2008]; Bobinski v Bobinski, 9 AD3d 441, 441-442 [2004]; Matter of Hermann v Chakurmanian, 243 AD2d 1003, 1004-1005 [1997]).

The parties' remaining contentions need not be reached in light of this determination. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.