■ In the Matter of GINA C., Respondent, v MICHAEL C., Appellant. [932 NYS2d 334]—

Respondent failed to oppose or otherwise address the motion. Thus, the order was entered upon default and is not appealable (CPLR 5511; *Matter of Anthony M.W.A. [Micah W.A.]*, 80 AD3d 476 [2011]; *Matter of Jessenia Shanelle R. [Wanda Y.A.]*, 68 AD3d 558 [2009]). Respondent's remedy was to move before Family Court to vacate his default and, if the motion were denied, to appeal from the order denying it (*Matter of Shabazz v Blackmon*, 274 AD2d 770, 771 [2000], *lv dismissed* 95 NY2d 945 [2000]).

In any event, this Court could not have conducted a meaningful review of this matter because respondent failed to meet his obligation to assemble a proper record on appeal, including all the transcripts of the proceedings (*see Sebag v Narvaez*, 60 AD3d 485 [2009], *lv denied* 13 NY3d 711 [2009]; *Lynch v Consolidated Edison, Inc.*, 82 AD3d 442 [2011]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STROUD, Appellant. [929 NYS2d 736]—

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]). Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.