In a child protective proceeding pursuant to Family Court Act article 10, the nonparty father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Yuskevich, Ct. Atty. Ref.), dated May 10, 2011, as, after a permanency hearing, changed the permanency goal from reunification with the mother to placement for adoption.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
We note that the father, who participated in the proceeding, had standing to contest the order, inter alia, changing the permanency goal from reunification with the mother to placement for adoption (see Family Ct Act § 1055 [b] [iii]; Matter of Devonna O., 31 AD3d 766 [2006]).
The petitioner met its burden of establishing, by a preponderance of the evidence, that a plan to change the permanency goal to adoption was in the subject child’s best interests (see Matter of Michael D. [Antionette R.], 71 AD3d 1017, 1018 [2010]; Matter of Amber B., 50 AD3d 1028, 1029 [2008]; Matter of Devonna O., 31 AD3d 766 [2006]; Matter of Amanda C., 309 AD2d 744 [2003]). Accordingly, the Family Court’s determination to approve a permanency goal of adoption has a sound and substantial basis in the record (see Matter of Michael D. [Antionette R.], 71 AD3d at 1018; Matter of Devonna O., 31 AD3d 766 [2006]; Matter of Amanda C., 309 AD2d 744 [2003]), and we decline to disturb that determination. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.