■ In the Matter of MELISSA FERNANDEZ, Appellant, v GILBERT LUCIANO, Respondent. [38 NYS3d 821]—

Appeal by the mother, by permission, from an order to show cause of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Att. Ref.), dated December 10, 2015. The order to show cause, insofar as appealed from, denied the mother's application to temporarily suspend all visitation between the father and the subject child pending a hearing on her motion, in effect, to modify two so-ordered stipulations of settlement dated August 19, 2009, and March 22, 2012, respectively, so as to suspend all visitation between the father and the subject child. By decision and order on motion dated January 12, 2016, this Court stayed all visitation between the father and the subject child, inter alia, pending hearing and determination of the appeal.

Ordered that the order to show cause is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's application to temporarily suspend all visitation between the father and the subject child pending a hearing on the motion is granted, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The parties are the parents of a child born in 2004. A prior order of custody and visitation awarded custody of the child to the mother and visitation to the father. On August 19, 2009, and March 22, 2012, the parties entered into so-ordered stipulations of settlement in which they agreed to modify the father's visitation. On December 10, 2015, the mother filed an order to show cause by which she sought to move, in effect, to modify the stipulations of settlement so as to suspend the father's visitation and to temporarily suspend all visitation

between the father and the child pending a hearing on the motion. The Family Court signed the order to show cause but denied the mother's application to temporarily suspend the father's visitation. The mother appeals, by permission, from the order to show cause.

Here, the Family Court was fully familiar with the relevant background facts regarding the parties and the child from past proceedings, and the evidence submitted by the mother in support of her application was adequate to enable the court to make an informed and provident determination regarding the appropriateness of an interim suspension of the father's visitation rights pending a full hearing (see Matter of Shira L. [Zindel L.], 100 AD3d 998, 999 [2012]; Matter of Donovan C., 65 AD3d 1041, 1042 [2009]; Matter of Vanjak v Pesa, 26 AD3d 512, 513 [2006]). That evidence demonstrated that temporarily suspending the father's visitation pending a full hearing was consistent with the best interests of the child (see Matter of Chaim N. [Angela N.], 103 AD3d 728 [2013]; Matter of Perez v Sepulveda, 51 AD3d 673, 673 [2008]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.