■ In the Matter of JENNIFER BB., Petitioner, v MEGAN CC. et al., Appellants. [53 NYS3d 725]—

Garry, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 7, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' child.

Respondent Megan CC. (hereinafter the mother) and respondent William CC. (hereinafter the father) are the parents of the subject child (born in 2012; hereinafter the child) as well as two younger children (born in 2013 and 2014). In September 2015, petitioner, who is the child's maternal aunt, entered into an agreement with the mother to take physical custody of the child for the duration of the school year. Petitioner claimed that they did so because the parents were having financial and other difficulties caring for all of the children, and the mother was also pregnant with a fourth child. Approximately two weeks after the child began living with her, petitioner commenced this custody proceeding alleging, among other things, that the child had stated that a bruise on her leg was caused when the father hit her with a belt, and had sustained other unexplained injuries while residing with respondents.

Family Court awarded temporary custody of the child to petitioner and ordered a child protective investigation pursuant to Family Ct Act § 1034. The resulting report stated that the abuse allegations were unfounded, but that allegations of inadequate food, clothing, shelter and guardianship were indicated against respondents due to hygiene conditions so extremely poor that child protective authorities deemed the home to be uninhabitable by children. The mother and the two younger children temporarily relocated to the maternal grandparents' home while the house was cleaned; after an additional inspection, authorities permitted them to return three days later. Following a fact-finding hearing, Family Court found that petitioner had demonstrated the existence of extraordinary circumstances that warranted disrupting respondents' custody of the child, and that it was in the child's best interests to award custody to petitioner, with regular parenting time to respondents as mutually agreed upon. Respondents appeal.

Although parents have a claim of custody to their children that is superior to all others, a nonparent may establish standing to seek custody as against a parent by proving "surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Carpenter v Puglese*, 94 AD3d 1367, 1368 [2012] [internal quotation marks and citations omitted]; *see Matter of Suarez v Williams*, 26 NY3d 440, 446 [2015]). The burden of proof to make a threshold showing of extraordinary circumstances rests upon the nonparent, and only when that burden has been satisfied may the court turn to a custody analysis premised upon consideration of the child's best interests (*see Matter of Battisti v Battisti*, 121 AD3d 1196, 1197 [2014]; *Matter of Golden v Golden*, 91 AD3d 1042, 1043 [2012]). Here, Family Court found that the deplorable condition of respondents' home constituted persistent neglect, thus establishing the existence of extraordinary circumstances. Photographs and testimony in the record document the lamentable conditions found in the house at the time of the initial home visit by child protective workers, including garbage, feces and dirt on the floors, feces on the walls of the children's bedroom, and a flea infestation that had resulted in multiple bite marks on one of the younger children.

The ground of persistent neglect warranting disruption of parental custody rights at issue here requires a showing "that the parents engaged in gross misconduct or other behavior evincing an utter indifference and irresponsibility" relative to

the parental role (*Matter of Aylward v Bailey*, 91 AD3d 1135, 1136 [2012] [internal quotation marks and citations omitted]; *see Matter of James NN. v Cortland County Dept. of Social Servs.*, 90 AD3d 1096, 1098 [2011]).\* This Court has previously held that "allowing . . . children to live in squalor" is among the parental behaviors that, considered together with other undesirable conduct, may constitute gross misconduct rising to the level of extraordinary circumstances (*Matter of Renee TT. v Britney UU.*, 133 AD3d 1101, 1103 [2015]). At the outset, it bears noting that we are sympathetic to Family Court's determination. The evidence at the fact-finding hearing revealed no mitigating explanation for respondents' failure to maintain minimum sanitary standards in their home; both were unemployed during the time period before the inspection, and there was no evidence that either was hampered by any illness or disability. Joblessness and poverty undeniably lead to significant difficulties in maintaining adequate housing and hardships in raising children, but are not any cause for subjecting children to feces-strewn homes; such conditions result solely from lack of care. Nevertheless, for the reasons that follow, based upon all of the record evidence, we cannot find that petitioner satisfied her "heavy burden" to establish the existence of extraordinary circumstances (*Matter of Thompson v Bray*, 148 AD3d 1364, 1365 [2017]), and are thus constrained to reverse.

The record reveals that respondents immediately corrected the unsanitary conditions when directed to do so, such that child protective authorities permitted the younger children to return to live there. A caseworker testified that the house "exceeded minimal standards" after this intervention, and that respondents cooperated with child protective authorities throughout the investigation and followed through on everything that was asked of them. The father acknowledged that the previous conditions in the home were unacceptable, and both he and the mother testified that they would not let this happen again. The record does not reveal any further problems or complaints about respondents' care of their children after the initial home visit. No further child protective actions were taken, the child was permitted to return to respondents' home for regular visits during the pendency of the fact-finding hear-

---

\* The alternative ground for persistent neglect—that is, a failure "either to maintain substantial, repeated and continuous contact with [the] child or to plan for the child's future" (*Matter of Ferguson v Skelly*, 80 AD3d 903, 905 [2011], *lv denied* 16 NY3d 710 [2011]; *accord Matter of Rodriguez v Delacruz-Swan*, 100 AD3d 1286, 1288 [2012])—is not at issue.

ing, and the younger children remained in respondents' custody without interruption.

The testimony further established that respondents did not plan to continue to reside in that home. At the time of the fact-finding hearing, they had made plans to relocate with the children and live with the paternal grandparents in another state. Respondents testified that they were searching for work in that state, and that they planned to reside with the paternal grandparents until they acquired sufficient financial stability to live independently. The paternal grandmother confirmed this plan, testifying that the paternal grandfather is an emergency physician, that she is a stay-at-home wife, and that the couple has a four-bedroom home and sufficient resources such that respondents and their children were expected to reside with them, with the grandparents providing financial assistance. She further testified that the grandparents planned to provide respondents with ongoing supervision, guidance and assistance in housekeeping, budgeting and parenting skills. The mother and the father each testified that they were willing to accept this supervision and assistance.

As for petitioner's allegations of abuse, Family Court found that respondents' explanations for the child's minor injuries were not credible, but made no affirmative finding that respondents committed any acts of abuse, nor was there any clear evidence upon which such a finding could have been based. On this record, it cannot be said that respondents' failure to maintain basic housekeeping standards, standing alone, manifests such utter parental indifference and irresponsibility that it rises to the level of extraordinary circumstances permitting an award of custody to a nonparent (*see Matter of Aylward v Bailey*, 91 AD3d at 1136-1137; *Matter of Black v Johnson*, 251 AD2d 825, 826-827 [1998]; *compare Matter of Renee TT. v Britney UU.*, 133 AD3d at 1103; *Matter of Darrow v Darrow*, 106 AD3d 1388, 1392 [2013]). The parties' contentions related to the child's best interests are thus rendered academic (*see Matter of Brown v Comer*, 136 AD3d 1173, 1176 [2016]).

Lynch, Rose, Clark and Aarons, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.