■ In the Matter of BARBARA BROWN, Respondent, v DONALD BROWN, Appellant.—In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Suffolk County (Freundlich, J.), dated February 22, 1990, which, after a hearing, directed the appellant to refrain from acts of physical violence directed toward the petitioner and the children of the marriage and excluded him from the marital residence until May 21, 1990.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In this case the order of protection has expired, and the determination of this appeal would have no direct effect upon the parties. Further, we find that the issuance of the order of protection in this case did not constitute a " 'permanent and significant stigma' which might indirectly affect the appellant's status in potential future proceedings" *(Matter of Mc-Clure v McClure,* 176 AD2d 325, 326; *Matter of Andrews v Andrews,* 168 AD2d 444; *Matter of Gansburg v Gansburg,* 127 AD2d 766; *see also, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Accordingly, the appeal is dismissed as academic. In any event, if we were to review the merits of the appeal, we would conclude that the evidence adduced at the hearing demonstrated that the granting of an order of protection was not improper *(see, Matter of Leffingwell v Leffingwell,* 86 AD2d 929; *see also, Merola v Merola,* 146 AD2d 611; *Kilmer v Kilmer,* 109 AD2d 1004; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 842, at 194). Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.