■ In the Matter of MILDRED BART, Respondent, v JOHN BART, Appellant. [631 NYS2d 542] —In a proceeding pursuant to Family Court Act article 8, John Bart appeals from an order of protection of the Family Court, Kings County (Dabiri, J.), dated August 13, 1993, which upon a fact-finding order of the same court also dated August 13, 1993, made after a hearing, excluded him from the petitioner's home until August 13, 1994. The appeal brings up for review the fact-finding order dated August 13, 1993.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

In this case the order of protection has expired and the determination of this appeal would have no direct effect upon the parties. Further, we find that the issuance of the order of protection in this case did not constitute a " ' "permanent and significant stigma" which might indirectly affect the appellant's status in potential future proceedings' " (Matter of Brown v Brown, 185 AD2d 812; Matter of McClure v McClure, 176 AD2d 325, 326). Accordingly, this appeal is dismissed as academic.

In any event, if we were to review the merits of the appeal, we would conclude that there is no basis to disturb the Family Court's determination. The question of whether the appellant committed acts of disorderly conduct and harassment in the second degree was a disputed factual issue for the court to resolve. As the trier of fact, the Family Court's determination regarding the credibility of the witnesses is entitled to great weight (see, Matter of Croce v Tsombanis, 209 AD2d 516). Therefore the order of protection excluding the appellant from

his mother's home was not improper: Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.