■ In the Matter of ERIC LEVANDE, Respondent, v DEVORAH LEVANDE, Also Known as DEBBIE SHABTAI, Appellant. (Proceeding No. 1.) In the Matter of ERIC LEVANDE, Respondent, v DEVORAH LEVANDE, Also Known as DEBBIE SHABTAI, Appellant. (Proceeding No. 2.) In the Matter of PAUL LEVANDE, Respon-

dent, v DEVORAH S. LEVANDE, Appellant. (Proceeding No. 3.) In the Matter of ESTHER LEVANDE, Respondent, v DEVORAH S. LEVANDE, Appellant. (Proceeding No. 4.) In the Matter of JANICE ZARAD, Respondent, v DEVORAH S. LEVANDE, Appellant. (Proceeding No. 5.) [764 NYS2d 123] —In four related family offense proceedings pursuant to Family Court Act article 8, and a custody proceeding pursuant to Family Court Act article 6, the appeals are from (1) four orders of protection of the Family Court, Kings County (Turbow, J.), all dated May 17, 2001, which, after a hearing, inter alia, directed the appellant to stay away from the respective petitioners until May 16, 2002, and (2) an order of the same court dated May 24, 2001, which, after a hearing, granted the petitioner Eric Levande the right to supervised visitation with his daughter Sarah Rose Levande.

Ordered that the appeals from the orders of protection are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated May 24, 2001, is affirmed, without costs or disbursements.

The orders of protection appealed from have already expired by their own terms on May 16, 2002. Since the rights of the parties will not be directly affected by a determination as to the propriety of the orders of protection, these appeals are dismissed as academic (*see Greene v Greene,* 216 AD2d 393 [1995]; *Matter of Brown v Brown,* 185 AD2d 812 [1992]; *Matter of McClure v McClure,* 176 AD2d 325, 326 [1991]). Further, we find that the issuance of the orders of protection in this case did not constitute a "permanent and significant stigma which might indirectly affect the appellant's status in potential future proceedings" (*Matter of McClure v McClure, supra* at 326; *cf. Matter of H. Children,* 156 AD2d 520 [1989]).

The natural right of visitation jointly enjoyed by the noncustodial parent and the child is more precious than any property right (*see Resnick v Zoldan,* 134 AD2d 246, 247 [1987]; *Biamby v Biamby,* 114 AD2d 830 [1985]), and it may not be denied absent a showing of exceptional circumstances (*see Kozak v Kozak,* 111 AD2d 842, 843 [1985]; *Daghir v Daghir,* 82 AD2d 191, 194 [1981], *affd* 56 NY2d 938 [1982]). A determination concerning visitation is within the sound discretion of the hearing court based upon the best interests of the child (*see Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 116 [1990]), and its determination will not be set aside unless it lacks a substantial basis in the record (*id.*). Here, the hearing court's decision to grant the father supervised visitation has a substantial basis.

The appellant's remaining contentions are without merit. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.