■ In the Matter of VIRGINIA P., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Re-

spondent; TAMMY P., Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of BRITTANY P., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMY P., Appellant, et al., Respondents. (Proceeding No. 2.) [777 NYS2d 703]—In two related neglect proceedings pursuant to Family Court Act article 10, in which the children were adjudicated neglected upon consent, the mother appeals from (1) an order of disposition of the Family Court, Nassau County (Pessala, J.), dated February 13, 2003, which awarded temporary custody of the children to members of her family, and (2) a temporary order of protection of the same court also dated February 13, 2003, which directed her to stay away from the children until August 13, 2003, except for visits arranged by the petitioner.

Ordered that the appeals are dismissed, without costs or disbursements.

The temporary order of protection expired by its own terms on August 13, 2003, and the determination of the appeal from that order would have no direct effect upon the parties. Further, under the facts of this case, the issuance of the temporary order of protection did not constitute a "permanent and significant stigma which might indirectly affect the appellant's status in potential future proceedings" (*Matter of Levande v Levande,* 308 AD2d 450, 451 [2003], quoting *Matter of McClure v McClure,* 176 AD2d 325, 326 [1991]). Therefore, the appeal from the temporary order of protection is dismissed as academic (*see Matter of Bart v Bart,* 219 AD2d 710 [1995]).

Furthermore, the appeal from the order of disposition which awarded temporary custody of the children to members of the mother's family also must be dismissed as academic. In an affidavit dated March 27, 2003, submitted to this Court in connection with her motion for a stay, the mother acknowledged that on March 13, 2003, before the Family Court, Nassau County, she consented to the continued temporary placement of the children with her family members (*see generally Matter of Danielle C.,* 253 AD2d 431 [1998]). In light of the mother's consent, her arguments on this appeal are academic. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.