■ In the Matter of JAZMONE S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant. In the Matter of ASHLEY J., a Child Alleged

to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant. In the Matter of ZALIKA J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant. In the Matter of ETHAN J., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PHILIP J., Appellant. [795 NYS2d 688]—In four related neglect proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Queens County (Richroath, J.), dated March 31, 2004, which denied his motion to modify a temporary order of protection by deleting the provision excluding him from the family home, and (2) an order of the same court dated March 31, 2004, which directed that the temporary order of protection remain in effect until April 21, 2004.

Ordered that the appeals are dismissed, without costs or disbursements.

The temporary order of protection expired by its own terms on April 21, 2004, and the determination of the appeals here would have no direct effect upon the parties. Further, under the facts of this case, the issuance of the temporary order of protection did not constitute a "permanent and significant stigma which might indirectly affect the appellant's status in potential future proceedings" (*Matter of McClure v McClure*, 176 AD2d 325, 326 [1991] [internal quotation marks omitted]; *see Matter of Virginia P.*, 8 AD3d 389, 390 [2004]; *Matter of Levande v Levande*, 308 AD2d 450, 451 [2003]). Therefore, the appeals must be dismissed as academic (*see Matter of Bart v Bart*, 219 AD2d 710 [1995]). Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.