◼ In the Matter of HEATHER S., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI S. et al., Appellants. (Proceeding No. 1.) In the Matter of NICOLE S., a Child Alleged to be Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI S. et al., Appellants. (Proceeding No. 2.) In the Matter of ALYSSA S., a Child Alleged to be Abused and Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI S. et al., Appellants. (Proceeding No. 3.) [797 NYS2d 136]—

In three related child protective proceedings pursuant to Family Court Act article 10, Thomas U. appeals (1), as limited by his brief, from so much of an amended order of the Family Court, Dutchess County (Forman, J.), dated July 23, 2003, as, after a hearing, found that he sexually abused the child Alyssa S., (2) from an order of disposition of the same court, dated October 3, 2003, which, inter alia, directed him to participate in a sexual offender RISC program, and (3) from an order of protection of the same court, also dated October 3, 2003, which directed him to stay away from the three children until March 20, 2010, the date of the youngest child's 18th birthday, and the mother, Lori S., separately appeals (1), as limited by her brief, from so much of the amended order as, after a hearing, found that she neglected the child Alyssa S. and derivatively neglected the children Heather S. and Nicole S., and (2) from a separate order of disposition of the same court dated October 3, 2003, which, inter alia, placed the children in the custody of their biological father.

Ordered that the appeals from the amended order are dismissed, without costs or disbursements, as that order was superseded by the orders of disposition; and it is further,

Ordered that the order of disposition with respect to Thomas U. is modified, on the law, by adding thereto a decretal paragraph stating: "Pursuant to Family Court Act § 1052 (c), Thomas U. is advised that any subsequent adjudication of child abuse, as defined in Family Court Act § 1012 (e) (iii), or any subsequent finding of a felony sex offense as defined in Penal Law §§ 130.25, 130.30, 130.35, 130.40, 130.45, 130.50, 130.65, or 130.70, arising out of acts committed by him, may result in the commitment of the guardianship and custody of the child or another child pursuant to Social Services Law § 384-b;" as so modified, the order of disposition is affirmed, without costs or disbursements; and it is further,

Ordered that the order of protection is modified by deleting the provision thereof directing Thomas U. to stay away from the three children until March 20, 2010, the date of the youngest child's 18th birthday, and substituting therefor a provision directing him to stay away from each child until that child's 18th birthday; as so modified, the order of protection is affirmed, without costs or disbursements; and it is further,

Ordered that the order of disposition with respect to Lori S. is affirmed, without costs and disbursements.

The appellant Thomas U. correctly contends that the Family Court failed to issue the warnings required by Family Court Act § 1052 (c). However, he has not suffered any prejudice from this omission and therefore this technical defect may be remedied by modifying the order of disposition with respect to him to add the required language (see CPLR 2001; Matter of Jasmine A., 295 AD2d 504, 505 [2002]).

Thomas U. also correctly argues that the Family Court abused its discretion in issuing an order of protection directing him to stay away from the three children until March 20, 2010, the date of the youngest child's 18th birthday. Under Family Court Act § 1056 (4), an order of protection may extend only to a child's 18th birthday (see Matter of Kanisha W., 233 AD2d 325 [1996]), and accordingly, we modify the order of protection to direct Thomas U. to stay away from each child until that child's 18th birthday.

The petitioner established by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), that Thomas U. sexually abused Alyssa S. (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112 [1987]), and that Lori S. neglected Alyssa by permitting Thomas U. to continue to reside with her after she was informed that such abuse had taken place (see Family Ct Act § 1012 [f] [i] [B]; Matter of Ivette R., 282 AD2d 751 [2001]). Alyssa's sworn in-court testimony sufficiently corroborated her out-of-court descriptions of the abuse, with only peripheral inconsistencies relating to time-frame and frequency (see Matter of Christina F., 74 NY2d 532 [1989]; Matter of Nicole V., supra; Matter of Bianca M., 282 AD2d 536 [2001]). Where, as here, there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight (see Matter of Carine T., 183 AD2d 902, 903 [1992]). Furthermore, the finding that Lori S. derivatively neglected her other two children is supported by evidence indicating that she lacked an understanding of her parental responsibilities (see Matter of Dareth O., 304 AD2d 667, 668 [2003]).

We reject the appellants' contention that the Family Court deprived them of any due process rights or the Sixth Amendment right of confrontation when it allowed the children to testify outside of their presence. The appellants' attorneys were present and were permitted to cross-examine the children (*see Matter of Christina F., supra* at 538; *Matter of Katherine S.,* 271 AD2d 538, 539 [2000]; *Matter of Christa H.,* 267 AD2d 586 [1999]). Prudenti, P.J., Cozier, Santucci and Lifson, JJ., concur.