■ In the Matter of GIA MELIKISHVILI, Respondent, v KETEVAN GRIGOLAVA, Appellant. [799 NYS2d 554]—In related proceedings, inter alia, for child custody pursuant to Family Court Act article 6, the mother appeals, by permission, from three orders of the Family Court, Queens County (DePhillips, J.), all dated April 2, 2004, which (1), inter alia, awarded temporary custody of the subject child to the father until May 28, 2004, (2) granted the father a temporary order of protection directing her to observe certain conditions until May 28, 2004, and (3) vacated a prior temporary order of visitation directing supervised visitation for the father until May 7, 2004, and from three orders of the same court all dated June 25, 2004, which

(4), inter alia, awarded temporary custody of the child to the father, (5) awarded the father a temporary order of protection directing her to observe certain conditions until September 13, 2004, and (6) awarded the father an additional temporary order of protection until September 13, 2004, inter alia, directing her to refrain from committing any criminal offense against the father.

Ordered that the appeals from the orders dated April 2, 2004, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated June 25, 2004, awarding temporary custody of the child to the father is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated June 25, 2004, awarding the father a temporary order of protection directing the mother to observe certain conditions until September 13, 2004, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated June 25, 2004, awarding the father an additional temporary order of protection, inter alia, directing the mother to refrain from committing any criminal offense against the father is dismissed as abandoned, without costs or disbursements.

The temporary order of protection dated June 25, 2004, directing the mother to observe certain conditions expired by its own terms on September 13, 2004, and the determination of the appeal from that order of protection would have no direct effect upon the parties. Further, under the facts of this case, the issuance of that order of protection did not constitute a "permanent and significant stigma which might indirectly affect the appellant's status in potential future proceedings" (*Matter of Mc-Clure v McClure*, 176 AD2d 325, 326 [internal quotation marks omitted] [1991]; *see Matter of Virginia P.*, 8 AD3d 389, 390 [2004]; *Matter of Levande v Levande*, 308 AD2d 450, 451 [2003]). Therefore, we dismiss the appeal from that order of protection as academic (*see Matter of Bart v Bart*, 219 AD2d 710 [1995]).

Contrary to the mother's contentions, the Family Court possessed adequate relevant information to enable it to make an informed and provident temporary custody determination (*see Matter of Levande v Levande*, 10 AD3d 723 [2004]; *Matter of McCartha v Williams*, 3 AD3d 750 [2004]; *Matter of Hermann v Chakurmanian*, 243 AD2d 1003, 1004-1005 [1997]). The evidence before the Family Court was sufficient to enable it to reach a sound conclusion that, under the circumstances of this case, it was in the child's best interest to award temporary

custody of the child to the father until such time as the hearing on the issue of permanent custody could be concluded (*see Levande v Levande, supra; Matter of Porter v Burgey*, 266 AD2d 552 [1999]). Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.