■ In the Matter of SYLVIA J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; POORANDEO G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of KEVIN G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; POORANDEO G., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of SALINA G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; POORANDEO G., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of KELSEY G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; POORANDEO G., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of KELLY G., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; POORANDEO G., Appellant, et al., Respondent. (Proceeding No. 5.) [804 NYS2d 783]—

In five related child protective proceedings pursuant to Family Court Act article 10, the father appeals, (1) as limited by his brief, from so much of a fact-finding order of the Family Court, Queens County (Clark, J.), dated April 3, 2003, as found that he had abused the child Sylvia J., and (2) an order of disposition of the same court dated June 2, 2004, which, upon the fact-finding order, inter alia, directed him to stay away from all of his children except when such visitation was supervised by the Administration for Children's Services until June 2, 2005.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition dated June 2, 2004; and it is further,

Ordered that so much of the order of disposition as directed that the father's visitation with the children be supervised is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The father's appeal from so much of the order of disposition as directed that his visitation with the children be supervised by the Administration for Children's Services must be dismissed as academic, as that portion of the order has already expired (*see Matter of Ciara M.*, 273 AD2d 312, 314 [2000]). However, although the order of disposition has expired, the adjudication of abuse constitutes a permanent and significant stigma which might indirectly affect the father's status in potential future proceedings. Therefore, the appeal from so much of the order of disposition as determined that the child Sylvia was abused is not academic (*id.*).

The Family Court providently exercised its discretion in denying the father's application for the appointment of an expert to validate the child's allegations of sexual abuse. The child's unsworn but cross-examined in-court testimony was sufficient to corroborate her out-of-court statements to her mother and an Administration for Children's Services' caseworker, so as to support a finding of abuse (*see Matter of Christina F.*, 74 NY2d 532, 533 [1989]).

We reject the father's contention that the court deprived him of any due process rights or Sixth Amendment right of confrontation when it allowed the child to testify outside of his presence. The father's attorney was present, and was permitted to cross-examine the child (*see Matter of Katherine S.*, 271 AD2d

538, 539 [2000]; *see also Matter of Heather S.*, 19 AD3d 606 [2005]; *Matter of Christa H.*, 267 AD2d 586, 587 [1999]).

"[I]n a fact-finding hearing pursuant to Family Court Act article 10 to determine whether a child is abused or neglected, the statute requires that the finding of neglect or abuse be based on a preponderance of the evidence rather than clear and convincing evidence" (*Matter of Linda K.*, 132 AD2d 149, 154-155 [1987] [citations omitted]). Where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Commissioner of Social Servs. of City of N.Y. v Clifton F.*, 207 AD2d 836, 837 [1994]). The finding of sexual abuse was supported by a preponderance of the evidence. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.