■ In the Matter of MICHAEL M., JR. and Another, Children Alleged to be Neglected. KELLY L.-M. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [805 NYS2d 343]—

Orders of disposition, Family Court, Bronx County (Clark V. Richardson, J.), entered on or about June 30, 2004, and October 26, 2004, which, to the extent appealed from as limited by the brief, is predicated upon and brings up for review fact-finding determinations of neglect made in child protective proceedings pursuant to Family Court Act article 10, unanimously affirmed, without costs.

The findings that respondent father engaged in a pattern of inflicting excessive corporal punishment and verbally abusing Michael M., Jr. were supported by the child's out-of-court statements that respondent repeatedly hit him in the head and other parts of his body with his fist, a belt and other objects and disparaged him with epithets, as testified to by the child's siblings and biological mother, as well as the caseworkers (*see Matter of Daniel L.*, 302 AD2d 321 [2003], *lv denied* 100 NY2d 505 [2003]; *and see Matter of Sheneika V.*, 20 AD3d 541 [2005]). The finding of neglect against respondent stepmother was established by evidence demonstrating that she was frequently present when the father hit his son and, at times, encouraged him to do so, and that she also hit the child (*see Matter of Rayshawn R.*, 309 AD2d 681 [2003]).

Although respondents attempted to minimize their actions and verbal attacks on the child, issues of credibility were for the factfinder, and the court's determination to credit the testimony of the agency's witnesses is supported by the record herein (*see Matter of Sheneika V., supra*).

The derivative finding of neglect with respect to respondents' child Deaglan was also supported by a preponderance of the evidence (*see Matter of Vincent M.*, 193 AD2d 398, 404 [1993]; *Matter of Christina Maria C.*, 89 AD2d 855 [1982]).

The record belies respondents' claim that the court deprived them of a fair fact-finding hearing and instead demonstrates that the court conscientiously protected the rights of all parties and carefully and deliberately determined the issues raised. Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.