■ In the Matter of Q.-L. H., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; C.-M. W., Appellant. (Proceeding No. 1.) In the Matter of Y.-L. R., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; C.-M. W., Appellant. (Proceeding No. 2.) [815 NYS2d 601]—

In two related child protective proceedings pursuant to Family Court Act article 10, C.-M. W. appeals from (1) a fact-finding order of the Family Court, Kings County (Staton, J.), dated August 20, 2004, which found that he abused the subject children, (2) an order of disposition of the same court dated October 27, 2004, which released the subject children to the custody of the mother, directed the appellant to complete sex offender counseling, and provided for supervised visits with his biological daughter, (3) an order of protection of the same court, also dated October 27, 2004, directing the appellant to stay away from Y.-L. R. and the home of Y.-L. R. and to refrain from any criminal offenses against her, and (4) an order of protection of the same court also dated October 27, 2004, inter alia, directing the appellant to stay away from the home of Q.-L. H. and to refrain from any criminal offenses against her.

Ordered that the appeals from the orders of protection are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The orders of protection expired by their own terms on June 24, 2005 and October 27, 2005, respectively, and the determination of the appeals from those orders would have no direct effect upon the parties. Therefore, the appeals from the orders of protection must be dismissed as academic (*see Matter of Jazmone S.,* 18 AD3d 761 [2005]; *Matter of Virginia P.,* 8 AD3d 389 [2004]; *Matter of Levande v Levande,* 308 AD2d 450 [2003]).

The appellant acknowledges that his right to be present at every stage of a Family Court Act article 10 proceeding is not absolute, as such a proceeding is civil in nature (*see Matter of Christa H.,* 267 AD2d 586 [1999]; *Matter of Randy A.,* 248 AD2d 838 [1998]). The Family Court must balance the due process rights of an article 10 respondent with the mental and emotional well being of the child. The Family Court properly balanced the respective interests of the parties and, based upon the record, reasonably concluded that the child Y.-L. R. would suffer emotional trauma if compelled to testify in front of the appellant (*see Matter of Lynelle W.,* 177 AD2d 1008 [1991]; *Matter of Donna K.,* 132 AD2d 1004 [1987]). Because the appellant's attorney was present during the child's testimony and cross-examined her on the appellant's behalf, neither the appellant's due process right nor his Sixth Amendment right of confrontation was violated by his exclusion from the courtroom during the child's testimony (*see Matter of Sylvia J.,* 23 AD3d 560 [2005]; *Matter of Heather S.,* 19 AD3d 606, 609 [2005]; *Matter of Christa H., supra; Matter of Randy A., supra*). Schmidt, J.P., Crane, Santucci and Rivera, JJ., concur.