■ In the Matter of CARMEN L., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 1.) In the Matter of EFRIAN M., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 2.) In the Matter of VANESSA M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 3.) In the Matter of NATHANIEL M., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 4.) In the Matter of VICTORIA M., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC M., Appellant. (Proceeding No. 5.) [828 NYS2d 898]—

In five related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), entered January 3, 2006, as, after fact-finding and dispositional hearings, found that the father sexually abused the children Vanessa M. and Carmen L. and denied his request for supervised visitation with his biological children, Victoria M. and Nathaniel M.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court properly conformed the petition to the proof to address the new allegations of the direct sexual abuse of the child Carmen L. (*see* Family Court Act § 1051 [b]; *Matter of Latifah C.*, 34 AD3d 798 [2006]; *Matter of Shawniece E.*, 110 AD2d 900 [1985]). The court properly stated that it would give the father time to prepare an answer to the amended allegations, and he did not avail himself of this opportunity.

The Family Court's finding that the father committed direct sexual abuse of the children Vanessa M. and Carmen L. is supported by a preponderance of the evidence (*see Matter of Sylvia J.,* 23 AD3d 560, 562 [2005]). Where, as here, the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Irene O.,* 38 NY2d 776, 777 [1975]; *Matter of Sylvia J., supra*).

The Family Court's denial of the father's request for supervised visitation with his biological children, Victoria M. and Nathaniel M., was proper and in the children's best interests (*see Matter of Alaina E.,* 33 AD3d 1084, 1087 [2006]; *Matter of Kathleen OO.,* 232 AD2d 784, 786 [1996]). Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.