■ In the Matter of ARLENYS B. and Another, Children Alleged to be Abused and Neglected. ANEUDES B., Appellant; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [896 NYS2d 321]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered March 5, 2009, which, upon a finding of

respondent's sex abuse of his sister-in-law, and derivative neglect with respect to his daughter, released respondent's sister-in-law to the custody of her nonrespondent mother and released the daughter to the custody of respondent and nonrespondent mother, with one year of supervision by Administration for Children's Services (ACS), upon the condition that respondent enter a sex offender program, receive a mental health evaluation, cooperate with ACS referrals and comply with an order of protection, unanimously affirmed, without costs.

As neglect proceedings are civil in nature, "the usual rules of criminal evidence do not apply" (*Matter of Nicole V.*, 71 NY2d 112, 117 [1987]), and "[t]he Family Court must balance the due process rights of an article 10 respondent with the mental and emotional well being of the child" (*Matter of Q.-L. H.*, 27 AD3d 738, 739 [2006]). Here, respondent's due process rights were not violated when his sister-in-law, who was 13 years old at the time of the alleged abuse, was permitted to testify via video conferencing. The record shows that the child's initial testimony, given in open court and in respondent's presence, was interrupted because it was inaudible. The child's psychologist, who recommended that the child testify outside of respondent's presence, confirmed that the child had been intimidated by respondent's gaze and that her initial testimony caused her emotional distress, manifested by sleeping difficulties and an increase in thoughts about her abuse. Family Court properly considered the foregoing together with respondent's right to be present for the child's testimony in utilizing live, two-way video, which allowed all parties to observe the child's testimony and demeanor, gave respondent's counsel an opportunity to cross-examine her, and allowed the court to make a record of her testimony (*see Matter Q.-L. H.*, 27 AD3d at 739; *Matter of Hadja B.*, 302 AD2d 226 [2003]). Concur—Andrias, J.P., Saxe, Sweeny, Freedman and Román, JJ.