■ In the Matter of DESHAWN D.O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARIA T.O. et al., Appellants. [917 NYS2d 874]—

In a child neglect proceeding pursuant to Family Court Act article 10, the father and stepmother separately appeal from a fact-finding order of the Family Court, Richmond County

(DiDomenico, J.), dated December 17, 2009, which, after a hearing, found that they neglected the subject child.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

The Family Court properly found that the appellants neglected the subject child. The evidence established that the appellants engaged in a pattern of conduct which included the infliction of excessive corporal punishment, domestic violence in the child's presence, and punishment of the child by, inter alia, restricting his food intake and making him sleep on the floor. As a result, the child ran away from home numerous times, was afraid and refused to return home, and was so frustrated that he felt he might hurt himself or someone else. The petitioner established by a preponderance of the evidence that the child's physical and emotional condition was impaired, or was in imminent danger of becoming impaired, as a result of the appellants' conduct (see Family Ct Act § 1012 [f] [i]; § 1046; Matter of Lindsey BB. [Ruth BB.], 70 AD3d 1205 [2010]; Matter of Kathleen K., 66 AD3d 683 [2009]; Matter of Isaiah S., 63 AD3d 948 [2009]; Matter of Jordan E., 57 AD3d 539 [2008]; Matter of Steven Glenn R., 51 AD3d 802 [2008]; Matter of Michael M., 24 AD3d 199 [2005]).

The record further demonstrates that the Family Court did not err in excluding the appellants from the courtroom during the child's testimony. Under the circumstances, the Family Court properly balanced the respective interests of the parties and reasonably concluded that the child would suffer emotional trauma if compelled to testify in the appellants' presence (see Matter of Q.-L. H., 27 AD3d 738 [2006]). Moreover, because the appellants' attorneys were present during the child's testimony and cross-examined him on the appellants' behalf, the appellants' constitutional rights were not violated by their exclusion from the courtroom (see Matter of Q.-L. H., 27 AD3d 738 [2006]; Matter of Sylvia J., 23 AD3d 560 [2005]; Matter of Heather S., 19 AD3d 606 [2005]).

The appellant stepmother's remaining contention is without merit. Dillon, J.P., Covello, Florio and Hall, JJ., concur.