—In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Lim, J.), dated February 10, 2011, which, upon a fact-finding order of the same court dated October 25, 2010, made after a hearing, finding that he abused Rebekah J.W and *864 derivately abused Elisha M.W, released the subject children to the custody of the mother. The father’s appeal from the order of disposition brings up for review the fact-finding order.
Ordered that the order of disposition is affirmed, without costs or disbursements.
The right of a respondent parent “to be present at every stage of a Family Court Act article 10 proceeding is not absolute, as such a proceeding is civil in nature” (Matter of Q.-L. H., 27 AD3d 738, 739 [2006]; see Matter of Deshawn D.O. [Maria T.O.], 81 AD3d 961, 962 [2011]). “The Family Court must balance the due process rights of an article 10 respondent with the mental and emotional well being of the child” (Matter of Q.-L. H., 27 AD3d at 739; see Matter of Deshawn D.O. [Maria T.O.], 81 AD3d at 962). Here, the Family Court properly weighed the respective rights and interests of the father and the subject child Rebekah J.W., and thereafter providently exercised its discretion in permitting her to testify via closed-circuit television so that she did not have to testify in front of her father (see Matter of Q.-L. H., 27 AD3d at 739). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.