■ In the Matter of MADISON H., a Child Alleged to be Neglected. DEMEZZ H., Appellant; TABITHA A., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [952 NYS2d 124]—

The finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f]; 1046 [b]). The evidence, including the testimony of the mother and medical experts, shows that the child suffered an injury that would not ordinarily occur absent an act or omission of a caretaker, and that the father was the caretaker of the child at the time the injury occurred (*see* Family Ct Act § 1046 [a] [ii]). The court cited the father's demeanor and disruptive courtroom behavior, and refused to credit the father's denial that he had abused the child. This credibility finding is entitled to great weight and we decline the invitation to find the contrary (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]).

Family Court, at the conclusion of the fact-finding hearing, properly amended the petition to conform to the proof of domestic violence. The record shows that the father had ample notice that domestic violence was at issue and an ample opportunity to cross-examine the mother about her claims (*see* Family Ct Act § 1051 [b]; *Matter of Carmen L.*, 37 AD3d 468 [2d Dept 2007], *lv denied* 8 NY3d 814 [2007]). Moreover, the mother's testimony that the father had swung the child in his arm during an argument with the mother, was sufficient additional proof that the child's physical, mental, or emotional condition was in imminent danger of impairment as a result of the father's domestic violence (*see* Family Ct Act § 1012 [f] [i]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027-1028 [2d Dept 2011]). Concur—Tom, J.P., Mazzarelli, Catterson, Renwick and DeGrasse, JJ.