In related child protective proceedings pursuant to Family Court Act article 10, Marcus U. appeals from an order of fact-finding of the Family Court, Queens County (Richroath, J.), dated December 20, 2011, which, after a hearing, found that he sexually abused the child Judith C.Z., and derivatively abused the children Michael U, Matthew Z.-U., and Melaine U.
Ordered that the order is affirmed, without costs or disbursements.
The determination by the Family Court that the appellant
*822 sexually abused the child Judith C.Z. is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117 [1987]). In light of the conflicting testimony presented at the fact-finding hearing, the factual findings of the Family Court turned largely on its assessment of the witnesses’ credibility, which is entitled to great weight (see Matter of Trenasia J. [Frank J.], 107 AD3d 992, 993 [2013]; Matter of Candace S., 38 AD3d 786, 787 [2007]; Matter of Sylvia J., 23 AD3d 560, 562 [2005]; Matter of Cassandra C., 300 AD2d 303, 304 [2002]). On this record, we find no basis to disturb the Family Court’s assessment of the witnesses’ credibility.
In addition, the nature of the sexual abuse, its duration, and the circumstances of its commission, demonstrated a fundamental defect in the appellant’s understanding of the duties of parenthood, and his lack of self-control created a substantial risk of harm to any child in his care. Accordingly, the Family Court’s determination that the appellant derivatively abused the other children in the home was supported by a preponderance of the evidence (see Matter of Angelica M. [Nugene A.], 107 AD3d 803, 804-805 [2013]; Matter of Leah R. [Miguel R.], 104 AD3d 774 [2013]; Matter of Daniel W., 37 AD3d 842, 843 [2007]; Matter of Amanda LL., 195 AD2d 708, 710 [1993]; Matter of Rachel G., 185 AD2d 382, 383 [1992]).
The appellant’s contention that the Family Court erred in denying that branch of his motion which, inter alia, sought to present certain evidence of bank checks allegedly received by Judith C.Z. is without merit. “[A] party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness’ answers concerning collateral matters solely for the purpose of impeaching that witness’ credibility” (People v Pavao, 59 NY2d 282, 288-289 [1983]; see Badr v Hogan, 75 NY2d 629, 634-635 [1990]; People v Carey, 67 AD3d 925, 926 [2009]; People v Clinkscales, 256 AD2d 353, 354 [1998]). Furthermore, “cross-examination aimed at establishing a possible reason to fabricate must proceed upon some good-faith basis” (People v Barney, 277 AD2d 460, 460 [2000]; see People v Spencer, 20 NY3d 954, 956 [2012]; People v Stewart, 188 AD2d 626, 627 [1992]). Here, the evidence which the appellant sought to introduce was properly excluded as “too remote and speculative” (People v Hoover, 298 AD2d 599, 599 [2002]; see People v Thomas, 46 NY2d 100, 105 [1978]; People v Hines, 102 AD3d 889 [2013]; People v Vankenie, 52 AD3d 849, 850 [2008]).
The appellant’s contention that the Family Court erred in *823 declining to draw a negative inference against Judith C.Z. or the petitioner when Judith C.Z. exercised her privilege against self-incrimination is also without merit. “The failure of [a witness] to testify does not permit the trier of fact to speculate about what his [or her] testimony might have been nor does it require an adverse inference. It does, however, allow the trier of fact to draw the strongest inference against him [or her] that the opposing evidence in the record permits” (Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983] [emphasis added]; see Matter of Clarissa S.P. [Jaris S.], 91 AD3d 785, 786 [2012]). Under the circumstances presented here, we find no basis to disturb the Family Court’s refusal to draw the negative inference urged by the appellant (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d at 141).
The appellant’s further contention that the Family Court erred in excluding him from the courtroom during the testimony of Judith C.Z. is without merit. The Family Court reasonably concluded that Judith C.Z. would suffer emotional trauma if compelled to testify in front of the appellant (see Matter of Elisha M.W. [Ronald W.], 96 AD3d 863, 864 [2012]; Matter of Deshawn D.O. [Maria T.O.], 81 AD3d 961, 962 [2011]; Matter of Q. L. H., 27 AD3d 738, 739 [2006]; Matter of Lynelle W., 177 AD2d 1008 [1991]; Matter of Donna K., 132 AD2d 1004, 1004-1005 [1987]), and, after properly weighing the respective rights and interests of the parties, thereafter providently exercised its discretion in permitting her to testify via a two-way closed-circuit television set-up. “Because the appellant’s attorney was present during the child’s testimony and cross-examined her on the appellant’s behalf, neither the appellant’s due process right nor his Sixth Amendment right of confrontation was violated by his exclusion from the courtroom during the child’s testimony” (Matter of Q. L. H., 27 AD3d at 739; see Matter of Deshawn D.O. [Maria T.O.], 81 AD3d at 962; Matter of Sylvia J., 23 AD3d at 561-562; Matter of Heather S., 19 AD3d 606, 609 [2005]). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.