*499 The Family Court properly balanced the subject child’s mental and emotional well being with respondent’s due process rights by permitting the child to testify outside of respondent’s presence at the fact-finding hearing, utilizing closed circuit video, which allowed all parties to observe the child’s testimony and demeanor, and afforded respondent’s counsel the opportunity to contemporaneously cross-examine the child after consulting with respondent (see Matter of Arlenys B. [Aneudes B.], 70 AD3d 598, 599 [1st Dept 2010]).
The finding of neglect is supported by a preponderance of the evidence. The record demonstrates that respondent inflicted excessive corporal punishment on her adopted daughter by striking her repeatedly in the head with a two-foot wooden paddle (see Family Ct Act § 1012 [f] [i] [B]). There is no basis to disturb the court’s credibility determinations crediting the testimony given by the subject child after extensive cross-examination and discrediting respondent’s testimony which was evasive (see Matter of Jared S. [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]). Respondent’s contention that the child’s testimony was not credible because no one observed any bruising is belied by her own testimony and the child’s testimony that respondent kept the child home from school following the incident during which the child testified that she was struck with the paddle. Moreover, the absence of a physical injury to the subject child is not dispositive (see Matter of Jonathan F., 294 AD2d 121 [1st Dept 2002]).
The derivative finding of neglect was proper. Respondent’s inappropriate and excessive corporal punishment of her adopted child demonstrates that she has a sufficiently faulty understanding of her parental duties, warranting an inference that she is an ongoing danger to her grandsons (see Family Ct Act § 1046 [a] [i]; Matter of Joseph C. [Anthony C.], 88 AD3d 478, 478 [1st Dept 2011]). Concur — Tom, J.P., Saxe, Moskowitz, Gische and Clark, JJ.