In the Matter of ETHAN B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FREDERICK B., Appellant. (Proceeding No. 1.) In the Matter of TY'ARRIE B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FREDERICK B., Appellant. (Proceeding No. 2.) [12 NYS3d 549]—Appeals from (1) an order of fact-finding of the Family Court, Queens County (MaryBeth S. Richroath, J.), dated February 10, 2014, and (2) an order of disposition of that court dated April 1, 2014. The order of fact-finding, after a hearing, found that the appellant neglected the subject children. The order of disposition, after a hearing, inter alia, released the children to the custody of the mother with supervision by the Administration for Children's Services for a period of six months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as released the subject children to the custody of the mother with supervision by the Administration for Children's Services for a period of six months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the children to the custody of the mother with supervision by the Administration for Children's Services for a period of six months must be dismissed as academic, as that portion of the order has already expired (*see Matter of Linda F. [Jose*

*F.]*, 119 AD3d 944, 945 [2014]). However, the appeal from so much of the order of disposition as brings up for review the finding of neglect in the order of fact-finding dated February 10, 2014, has not been rendered academic "since a finding of neglect constitutes a permanent and significant stigma from which potential consequences may flow" (*Matter of Fatima A.*, 276 AD2d 791, 792 [2000]).

"[A] party seeking to establish neglect must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Where a determination depends upon the assessment of the credibility of witnesses, the findings of the hearing court are entitled to great weight (*see Matter of H. Children*, 276 AD2d 485, 486-487 [2000]; *Matter of Erich J.*, 22 AD3d 849, 850 [2005]).

Here, according deference to the Family Court's credibility assessments, which are supported by the record, the Administration for Children's Services established by a preponderance of the credible evidence that the subject children were neglected by the appellant (*see* Family Ct Act §§ 1012 [f]; 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d at 368-370). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.