Matter of Mirza S.A. (Mirza A A.) (2018 NY Slip Op 02455)





Matter of Mirza S.A. (Mirza A A.)


2018 NY Slip Op 02455


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-03045
2017-03046
 (Docket No. N-20010-15)

[*1]In the Matter of Mirza S. A. (Anonymous). Administration for Children's Services, respondent;
and
Mirza A. A. (Anonymous), appellant.


Nicole Barnum, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Janet L. Zaleon of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne Mitchell, Patricia Colella, and Karen Levit of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Marybeth S. Richroath, J.), dated July 25, 2016, and (2) an order of disposition of the same court (Connie Gonzalez, J.) dated March 6, 2017. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, after a dispositional hearing, released the child to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of 12 months.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as released the child to the custody of the nonrespondent mother under the supervision of the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the father neglected the subject child by engaging in acts of domestic violence in the child's presence. After a fact-finding hearing, the Family Court found that the father neglected the child. Subsequently, the court issued an order [*2]of disposition, releasing the child to the custody of the nonrespondent mother under the supervision of ACS for a period of 12 months. The father appeals.
The appeal from so much of the order of disposition as released the child to the mother's custody under the supervision of ACS for a period of 12 months must be dismissed as academic, as that portion of the order has expired (see Matter of Justin P. [Damien P.], 148 AD3d 903, 903; Matter of Ethan B. [Frederick B.], 130 AD3d 816, 816). However, the appeal from the portion of the order of disposition which brings up for review the finding that the father neglected the child is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the father's status in future proceedings (see Matter of Justin P. [Damien P.], 148 AD3d at 904; Matter of Ethan B. [Frederick B.], 130 AD3d at 817).
To establish neglect, the petitioner must demonstrate by a preponderance of the evidence, "first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with the proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i]; 1046[b][i]). Here, the Family Court's finding that the father neglected the child is supported by a preponderance of the evidence (see Matter of Jaden J. [Ernest C.], 106 AD3d 822; Matter of Jayden B. [Erica R.], 91 AD3d 1344, 1345; Matter of Elijah J. [Phillip J.], 77 AD3d 835).
At the hearing, the Family Court concluded that the child would suffer emotional trauma if compelled to testify in front of the father (see Matter of Michael U. [Marcus U.], 110 AD3d 821; Matter of Elisha M.W. [Ronald W.], 96 AD3d 863; Matter of Deshawn D.O. [Maria T.O.], 81 AD3d 961). The court thus permitted the child to testify outside the father's presence. Nevertheless, to protect the father's rights, the court arranged for the father to view the testimony via video linkup, granted a recess after the completion of ACS's direct case to permit the father and his attorney time to consult before cross-examining the child, and permitted a further recess after the completion of that cross-examination for further consultation. The court's conclusion that the child would suffer trauma if compelled to testify in the father's presence was reasonable. Moreover, in its balancing of the respective rights and interests of the parties, the court did not improvidently exercise its discretion. Finally, because the father's attorney was present during the child's testimony and cross-examined him on the father's behalf, neither the father's due process right nor his Sixth Amendment right of confrontation was violated by his exclusion from the courtroom during the child's testimony (see Matter of Q.-L. H., 27 AD3d 738, 739; see also Matter of Deshawn D.O. [Maria T.O.], 81 AD3d 961; Matter of Sylvia J., 23 AD3d 560).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court