Matter of Alivia F. (John F.) (2021 NY Slip Op 02794)





Matter of Alivia F. (John F.)


2021 NY Slip Op 02794


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2020-02155
 (Docket Nos. N-8564-17, N-8565-17)

[*1]In the Matter of Alivia F. (Anonymous). Suffolk County Department of Social Services, respondent; John F. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Ayden F. (Anonymous). Suffolk County Department of Social Services, respondent; John F. (Anonymous), appellant. (Proceeding No. 2.)


Francine H. Moss, Ronkonkoma, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Suffolk County (Kathy G. Bergmann, J.), dated January 28, 2020. The order of fact-finding, upon remittitur from this Court by decision and order dated December 19, 2018, and after a fact-finding hearing, found that the father neglected the child Ayden F. and derivatively neglected the child Alivia F.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In June 2017, the petitioner commenced these related proceedings alleging that the father neglected the subject children. In an order of fact-finding and disposition dated September 8, 2017, made after fact-finding and dispositional hearings at which the father appeared pro se, the Family Court found that the father neglected the children and released them to the custody of the nonrespondent mother upon stated conditions of supervision. On a prior appeal, this Court reversed the order of fact-finding and disposition dated September 8, 2017, on the ground that the Family Court failed to conduct the requisite "searching inquiry" before permitting the father to proceed pro se. We thereupon remitted the matter to the Family Court, Suffolk County, for a new hearing and a new determination thereafter (see Matter of Alivia F. [John F.], 167 AD3d 880, 882).
Upon remittitur, and after a new fact-finding hearing, the Family Court found that the father neglected the child Ayden F. by inflicting excessive corporal punishment and derivatively neglected the child Alivia F. The father appeals.
The use of excessive corporal punishment constitutes neglect (see Family Ct Act § 1012[f][i][B]; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595; Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977). A single incident of excessive corporal punishment may sustain a finding of neglect (see Matter of Tarelle J. [Walter J.], 152 AD3d at 595; Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 705; Matter of Dalia G. [Frank B.], 128 AD3d 821, 823). In a fact-finding hearing, any determination that the child is an abused or neglected child must be based on a preponderance of the evidence (see Family Ct Act § 1046[b][i]). Previous statements of the child relating to any allegations of abuse or neglect are admissible in evidence, but if uncorroborated, such statements are insufficient to make a fact-finding of abuse or neglect (see Family Ct Act § 1046[a][vi]). The child's previous statements may be corroborated by "[a]ny other evidence tending to support" their reliability (id.; see Matter of Nicole V., 71 NY2d 112, 117-118).
Contrary to the father's contention, the Family Court did not err in declining to dismiss the petition at the conclusion of the petitioner's case. On a motion made at the close of the petitioner's case to dismiss a neglect petition, the Family Court must determine whether the petitioner presented a prima facie case of neglect, viewing the evidence in a light most favorable to the petitioner and affording it the benefit of every inference which can be reasonably drawn from the proof presented (see Matter of Justine R. [Cara T.], 158 AD3d 701, 703; Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054). Here, before the petitioner rested its case, the court, without objection by the father, ruled that Ayden F. would testify as the attorney for the child's witness at the conclusion of the case and thereafter, at the conclusion of the petitioner's case, the petitioner rested subject to that testimony. Under these circumstances, the court properly denied the father's motion to dismiss at the conclusion of the petitioner's case. In any event, viewing the evidence in the light most favorable to the petitioner, and affording it the benefit of every favorable inference which could be reasonably drawn from the evidence, the petitioner presented a prima facie case of neglect (see Family Ct Act § 1012[f][i][B]; Matter of Justine R. [Cara T.], 158 AD3d at 703).
Contrary to the father's contention, the Family Court providently exercised its discretion in permitting Ayden F. to testify in camera with the parties' attorneys present. The right of a respondent parent to be present at every stage of a Family Court Act article 10 proceeding is not absolute (see Matter of Nevaeh L.-B. [Marcus B.], 178 AD3d 706, 706; Matter of Elisha M.W. [Ronald W.], 96 AD3d 863, 864; Matter of Q.-L.H., 27 AD3d 738, 739). The Family Court must balance the due process rights of the respondent parent with the mental and emotional well-being of the child (see Matter of Nevaeh L.-B. [Marcus B.], 178 AD3d at 706; Matter of Elisha M.W. [Ronald W.], 96 AD3d at 864; Matter of Q.-L.H., 27 AD3d at 739). Here, the court properly balanced the respective interests of the parties and reasonably concluded that Ayden F. would suffer emotional trauma if compelled to testify in front of the father or by utilizing electronic means (see Matter of Amparo B.T. [Carlos B.E.], 118 AD3d 809, 810; Matter of Deshawn D.O. [Maria T.O.], 81 AD3d 961, 962; Matter of Q.-L.H., 27 AD3d at 739). Moreover, because the father's attorney was present during the child's testimony and cross-examined him on the father's behalf, the father's constitutional rights were not violated by his exclusion during the child's testimony in chambers (see Matter of Deshawn D.O. [Maria T.O.], 81 AD3d at 962; Matter of Q.-L.H., 27 AD3d at 739).
Contrary to the father's contention, a preponderance of the evidence supports the Family Court's finding that the father neglected Ayden F. by inflicting excessive corporal punishment on him (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of David B. [Stacy T.], 171 AD3d 1041, 1042-1043; Matter of Samuel W. [Luemay F.], 160 AD3d 755, 756; Matter of Nah-Ki B. [Nakia B.], 143 AD3d at 706). Ayden F.'s out-of-court statements that his father choked him and pushed him into a dresser were corroborated, inter alia, by Ayden F.'s testimony (see Family Ct Act § 1046[a][vi]; Matter of Christina F., 74 NY2d 532, 536; Matter of Nicole V., 71 NY2d at 119). Although the father disputed the allegations, the court's determination that his version of events was not credible is entitled to deference and is supported by the record (see Matter of David B. [Stacy T.], 171 AD3d at 1043; Matter of Samuel W. [Luemay F.], 160 AD3d at 756). The evidence was also sufficient to support the court's determination that Alivia F. was derivatively neglected (see Family Ct Act §§ 1012[f][i][B]; 1046[a][i]; Matter of David B. [Stacy T.], 171 AD3d at 1043; Matter of Samuel W. [Luemay F.], 160 AD3d at 757).
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court