Matter of Jolani P. (Parris M.) (2022 NY Slip Op 05850)

Matter of Jolani P. (Parris M.)

2022 NY Slip Op 05850

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-04150
2021-05264
2021-07683
 (Docket Nos. N-7844-18, N-7846-18)

[*1]In the Matter of Jolani P. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Parris M. (Anonymous), appellant, et al., respondent.

George E. Reed, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel; Jordan Hardy on the brief), for petitioner-respondent.
Robin D. Carton, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated May 28, 2021, (2) a permanency hearing order of the same court (Ronald H. Cohen, Ct. Atty. Ref.) dated July 7, 2021, and (3) a permanency hearing order of the same court (Ronald H. Cohen, Ct. Atty. Ref.) dated October 21, 2021. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother derivatively neglected the subject child and continued the subject child's placement with the petitioner until the completion of the next permanency hearing. The permanency hearing order dated July 7, 2021, insofar as appealed from, continued the subject child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court. The permanency order dated October 21, 2021, insofar as appealed from, continued the subject child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court.
ORDERED that the appeal from so much of the order of fact-finding and disposition as continued the subject child's placement with the petitioner until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the appeals from the permanency hearing orders are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The subject child was born in 2018, and removed from her parents' care upon her discharge from the hospital, and placed in the custody of the petitioner. After fact-finding and dispositional hearings, in an order of fact-finding and disposition, the Family Court, inter alia, found that the mother derivatively neglected the child and continued the child's placement with the [*2]petitioner until the completion of the next permanency hearing. In two subsequent permanency hearing orders, the court, among other things, continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court. The mother appeals.
Petitions to terminate the parents' parental rights were filed and later withdrawn when the parents voluntarily surrendered the child. Thus, the propriety of the dispositional determination and the permanency hearing orders is academic. The sole issue before this Court is the propriety of the finding of derivative neglect against the mother, which creates a stigma against her (see Matter of Ethan B. [Frederick B.], 130 AD3d 816).
The mother contests the evidentiary basis of the finding of derivative neglect, which was based, in part, upon the fact that she previously consented to a finding of neglect with respect to two older children, without admitting or denying the allegations in the petitions filed in those proceedings, and then consented to the termination of her parental rights as to those children. The "entry of a finding of neglect as to a child clearly constitutes proof that that child was neglected, even if the order was entered upon consent" and "is admissible with respect to the issue of whether the parent derivatively neglected another child" (Matter of William N. [Kimberly H], 118 AD3d 703, 705; see Matter of Jayden C. [Luisanny A.], 126 AD3d 433). To support a finding of derivative neglect, the prior neglect finding must be "so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still existed," and demonstrate a fundamental defect in the parent's understanding of the duties of parenthood (Matter of Brandon T. [Guillaume T.], 114 AD3d 950, 950). Here, the older children were surrendered approximately nine months before the birth of the subject child, which allows for a presumption that the condition continues to exist (see Matter of Jamie A.C.-A [Jamie A.], 188 AD3d 1198; Matter of Amber C., 38 AD3d 538).
The mother's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court