■ In the Matter of JEROME S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAZINE R., Appellant. (Proceeding No. 1.) In the Matter of KYWAYNE F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TAZINE R., Appellant. (Proceeding No. 2.) [993 NYS2d 136]—

In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Mulroy, J.), dated September 27, 2013, as, upon an order of fact-finding of the same court (Danoff J.) dated December 5, 2012, made after a hearing, finding that the mother

had neglected the child Jerome S. and derivatively neglected the child Kywayne F., placed the child Jerome S. in the custody of the Commissioner of Social Services of the City of New York, to reside in foster care with New Alternatives for Children until the next permanency hearing. The appeal from the order of disposition brings up for review the order of fact-finding.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

In January 2010, the Administration for Children's Services (hereinafter ACS) filed petitions against Tazine R., the mother of the subject children, Jerome S. and Kywayne F., alleging that she had neglected Jerome, who was then 10 years old, by inflicting excessive corporal punishment upon him, and derivatively neglected Kywayne, who was then seven years old. After a fact-finding hearing, the Family Court found that ACS had established by a preponderance of the evidence that the mother had neglected Jerome and derivatively neglected Kywayne. After a dispositional hearing, Jerome was placed in the custody of the New York City Commissioner of Social Services to reside in foster care, and Kywayne was released to the custody of the mother.

Pursuant to Family Court Act § 1012 (f) (i) (B), a neglected child is a child less than 18 years of age whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment." The petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Anastasia L.-D. [Ronald D.], 113 AD3d 685, 686 [2014]). Actual injury or impairment is not required. A finding of neglect may be made when a preponderance of the evidence demonstrates that the child is in imminent danger of injury or impairment (see Matter of Amelia W. [Gloria D.W.], 77 AD3d 841, 842 [2010]; Matter of Andrew S., 43 AD3d 1170, 1170-1171 [2007]).

Although parents have a right to use reasonable physical force against a child in order to maintain discipline or promote the child's welfare, the use of excessive corporal punishment constitutes neglect (see Matter of Anastasia L.-D. [Ronald D.], 113 AD3d at 686; Matter of Matthew M. [Fatima M.], 109 AD3d 472, 473 [2013]; Matter of Delehia J. [Tameka J.], 93 AD3d 668, 669 [2012]). Striking a child repeatedly with a belt can constitute excessive corporal punishment (see Matter of Nurridin B. [Louis

*J.]*, 116 AD3d 770, 771 [2014]; *Matter of Jahani K. [Felicia K.]*, 111 AD3d 832, 833 [2013]; *Matter of Alysha M.*, 24 AD3d 255, 255 [2005]).

Contrary to the mother's contention, the Family Court's determination that the mother neglected Jerome by inflicting excessive corporal punishment was supported by a preponderance of the credible evidence presented at the fact-finding hearing (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Nurridin B. [Louis J.]*, 116 AD3d at 771; *Matter of Jahani K. [Felicia K.]*, 111 AD3d at 833). The Family Court's assessment of the credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record (*see Matter of Nurridin B. [Louis J.]*, 116 AD3d at 771; *Matter of Jahani K. [Felicia K.]*, 111 AD3d at 833; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647, 647 [2011]; *Matter of Steven Glenn R.*, 51 AD3d 802, 803 [2008]). Here, the Family Court's findings were supported by the record.

The derivative finding of neglect as to the child Kywayne also is supported by the evidence (*see* Family Ct Act § 1046 [a] [i]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006, 1007 [2011]; *Matter of Devontay M.*, 56 AD3d 561, 562 [2008]; *Matter of Nicholas L.*, 50 AD3d 1141, 1142 [2008]).

Accordingly, we affirm the order of disposition insofar as appealed from. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.