■ In the Matter of VANY A.C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LANESKA M., Appellant. [2 NYS3d 616]—

Appeal from an order of disposition of the Family Court, Queens County (Maria Arias, J.), dated September 4, 2013. The order released the child to the custody of the nonrespondent father. The appeal brings up for review an order of fact-finding of that court, dated April 30, 2012, which, after a hearing, found that the mother had neglected the child.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Although parents have a right to use reasonable physical force against a child in order to maintain discipline or promote the child's welfare, the use of excessive corporal punishment constitutes child neglect (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Jerome S. [Tazine R.]*, 120 AD3d 1421, 1422 [2014]; *Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 686 [2014]; *Matter of Matthew M. [Fatima M.]*, 109 AD3d 472, 473 [2013]). In a proceeding alleging child neglect, the petitioner has the burden of proving neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d at 686). Upon appellate review of a determination in a child neglect proceeding, the Family Court's assessment of the credibility of the witnesses is entitled to considerable deference unless that assessment is clearly unsupported by the record (*see Matter of Nurridin B. [Louis J.]*, 116 AD3d 770, 771 [2014]; *Matter of Jahani K. [Felicia K.]*, 111 AD3d 832, 833 [2013]). Here, contrary to the mother's contention, the record of the fact-finding hearing supports the Family Court's determination that the mother neglected the subject child by inflicting excessive corporal punishment.

The mother's contention that the Family Court erred in excluding her from the courtroom during the child's testimony is without merit. The Family Court reasonably concluded that the child would suffer emotional trauma if compelled to testify in front of her mother (*see Matter of Michael U. [Marcus U.]*, 110 AD3d 821, 823 [2013]; *Matter of Elisha M.W. [Ronald W.]*, 96 AD3d 863, 864 [2012]). After properly weighing the respective rights and interests of the parties, the court providently exercised its discretion in directing the mother to watch the child's testimony via a live television feed. The mother's attorney was present during the child's testimony and cross-examined her on the mother's behalf. Under these circumstances, the mother's right to due process of law was not violated by her exclusion from the courtroom during the child's testimony (*see Matter of Michael U. [Marcus U.]*, 110 AD3d 821, 822 [2013]; *Matter of Deshawn D.O. [Maria T.O.]*, 81 AD3d 961, 962 [2011]; *Matter of Q.-L. H.*, 27 AD3d 738, 739 [2006]).

The mother's remaining contention is, in part, unpreserved for appellate review and is, in any event, without merit. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.