■ In the Matter of KENYA R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EDMINDO R., JR., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of PRESTON A.R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EDMINDO R., JR., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of EDMINDO D., III. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; EDMINDO R., JR., Appellant, et al., Respondent. (Proceeding No. 3.) [11 NYS3d 663]—Appeal from

(1) a temporary order of protection of the Family Court, Kings County (Amanda E. White, J.), dated February 20, 2014, and (2) an order of fact-finding of that court dated February 21, 2014. The order of fact-finding, after a hearing, found that the father neglected the children Edmindo D. III and Preston A.R. and derivatively neglected the child Kenya R. The temporary order of protection directed the father, inter alia, to refrain from certain conduct with respect to the subject children.

Ordered that the temporary order of protection and the order of fact-finding are affirmed, without costs or disbursements.

"At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, a petitioner has the burden of proving by a preponderance of the evidence that the subject child was neglected" (*Matter of Negus T. [Fayme B.]*, 123 AD3d 836, 836 [2014]; *see* Family Ct Act § 1046 [b] [i]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Luis N.P. [Alquiber R.]*, 127 AD3d 1201 [2015]). The Family Court's assessment of the credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record (*see Matter of Jerome S. [Tazine R.]*, 120 AD3d 1421 [2014]; *Matter of Nurridin B. [Louis J.]*, 116 AD3d 770, 771 [2014]).

Here, a preponderance of the evidence supported the Family Court's finding that the father neglected the children Edmindo D. III and Preston A.R. and derivatively neglected the child Kenya R. (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [a] [i]).

The father's remaining contention is without merit. Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.