■ In the Matter of HANNAH T.R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SOYA R., Appellant. [53 NYS3d 645]—

Appeal by the mother from an order of the Family Court,

Kings County (Ilana Gruebel, J.), dated January 5, 2016. The order granted the motion of the subject child to testify at a fact-finding hearing via closed-circuit television.

Ordered that the order is affirmed, without costs or disbursements.

A respondent parent's "right to be present at every stage of a Family Court Act article 10 proceeding is not absolute, as such a proceeding is civil in nature" (*Matter of Q.-L.H.*, 27 AD3d 738, 739 [2006]). The Family Court must balance the respondent parent's due process rights with the mental and emotional well-being of the child (*see Matter of Vany A.C. [Laneska M.]*, 125 AD3d 650, 651 [2015]; *Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 810 [2014]; *Matter of Michael U. [Marcus U.]*, 110 AD3d 821, 823 [2013]; *Matter of Elisha M.W. [Ronald W.]*, 96 AD3d 863, 864 [2012]; *Matter of Deshawn D.O. [Maria T.O.]*, 81 AD3d 961, 962 [2011]; *Matter of Q.-L.H.*, 27 AD3d at 739). Here, the court properly weighed the respective rights and interests of the mother and the subject child and thereafter providently exercised its discretion in permitting the child to testify via a two-way closed-circuit television arrangement (*see Matter of Michael U. [Marcus U.]*, 110 AD3d at 823; *Matter of Elisha M.W. [Ronald W.]*, 96 AD3d at 864). The mother, appearing pro se, was permitted to be present during the child's televised testimony and to cross-examine her, thereby safeguarding the mother's constitutional rights (*see Matter of Vany A.C. [Laneska M.]*, 125 AD3d at 651; *Matter of Michael U. [Marcus U.]*, 110 AD3d at 823; *Matter of Deshawn D.O. [Maria T.O.]*, 81 AD3d at 962; *Matter of Q.-L.H.*, 27 AD3d at 739). Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.