Matter of Kao v Kao (2018 NY Slip Op 06912)





Matter of Kao v Kao


2018 NY Slip Op 06912


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-04816
2017-04817
2017-06344
 (Docket No. F-13939-16)

[*1]In the Matter of Mitzi C. Kao, appellant, 
v
Chung Siung Kao, respondent.


Warren S. Landau, Cedarhurst, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from (1) an order of the Family Court, Suffolk County (Barbara Lynaugh, S.M.), dated February 1, 2017, (2) an order of the same court (George F. Harkin, J.) dated March 17, 2017, and (3) an order of the same court (George F. Harkin, J.) dated May 23, 2017. The order dated February 1, 2017, after a hearing, dismissed the petition for spousal support. The order dated March 17, 2017, denied, as untimely, the petitioner's objections to the order dated February 1, 2017. The order dated May 23, 2017, denied the petitioner's motion for leave to renew and reargue her objections to the order dated February 1, 2017.
ORDERED that the appeal from the order dated February 1, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 17, 2017; and it is further,
ORDERED that the appeal from so much of the order dated May 23, 2017, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 17, 2017, is reversed, on the facts, without costs or disbursements, the petitioner's objections to the order dated February 1, 2017, are deemed timely filed, and the matter is remitted to the Family Court, Suffolk County, for a determination on the merits of the petitioner's objections; and it is further,
ORDERED that the appeal from so much of the order dated May 23, 2017, as denied that branch of the petitioner's motion which was for leave to renew is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated March 17, 2017.
The parties married more than 40 years ago in New York City. In 2016, the petitioner, a resident of Suffolk County, filed a petition seeking spousal support from her husband, who had been residing in Taiwan for most of the year. The petition alleged that the petitioner's husband had physically and financially abandoned her. In an order dated February 1, 2017, made after a hearing at which the petitioner's husband did not appear, the Support Magistrate dismissed [*2]the petition, finding that the petitioner failed to establish a prima facie case for spousal support.
A copy of the Support Magistrate's order was sent to the parties, and to the petitioner's counsel, albeit to an incorrect address, by mail on February 2, 2017. On March 8, 2017, the petitioner's counsel sent the petitioner's objections to the Support Magistrate's order to the Family Court by express mail. The Family Court did not receive that copy of the petitioner's objections until March 13, 2017. However, the petitioner's counsel also personally filed the objections with the Family Court Clerk's Office on March 9, 2017. In an order dated March 17, 2017, the Family Court denied the objections as untimely, stating that the objections had not been filed with the Clerk's Office until March 13, 2017, four days earlier, and that it could not consider the objections since the untimely filing constituted a jurisdictional defect. The court then stated that, even if the objections had been timely filed, it would be constrained to deny the objections on the basis that the Support Magistrate's determination rested largely upon the "credibility of the parties."
The petitioner subsequently moved for leave to renew and reargue her objections to the Support Magistrate's order. In an order dated May 23, 2017, the Family Court denied the petitioner's motion for leave to renew and reargue.
Pursuant to Family Court Act § 439(e), objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party. Here, the Family Court denied the petitioner's objections to the Support Magistrate's order on the basis that the objections were not timely filed by March 9, 2017, within 35 days of the mailing of the Support Magistrate's order by the Clerk's Office. However, the objections were filed by that date. Accordingly, the court should not have determined that it could not review the objections as a result of a jurisdictional defect (cf. Matter of Tirado v Maldonado, 154 AD3d 712, 713). Moreover, the Support Magistrate's order was mailed to the petitioner's counsel at an address different from the one provided by the petitioner's counsel in his notice of appearance. Since the 35-day time requirement set forth in Family Court Act § 439(e) does not begin to run until the final order is mailed to counsel, the court should not have found that a jurisdictional defect had occurred with respect to the filing of the objections (see Matter of Odunbaku v Odunbaku, 28 NY3d 223, 230).
Given that the Family Court's alternate holding constituted dicta and, thus, is not a finding on the merits (see e.g. 4777 Food Servs. Corp. v Anthony P. Gallo, P.C., 150 AD3d 1054, 1056), we remit this matter to the Family Court, Suffolk County, for a determination on the merits of the petitioner's objections, taking into consideration the uncontroverted evidence presented at the hearing. Contrary to the statement in that portion of the order dated March 17, 2017, which is dicta, the Family Court, as the reviewing court, would not have been constrained to deny the petitioner's objections based upon certain credibility findings made by the Support Magistrate (see e.g. Matter of Vany A.C. [Laneska M.], 125 AD3d 650, 651).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court