Matter of Nevaeh L.-B. (Marcus B.) (2019 NY Slip Op 08675)





Matter of Nevaeh L.-B. (Marcus B.)


2019 NY Slip Op 08675


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-02998
 (Docket No. N-4277-17)

[*1]In the Matter of Nevaeh L.-B. (Anonymous). Administration for Children's Services, respondent; Marcus B. (Anonymous), appellant.


Lauri Gennusa, Jamaica, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Carolyn Walther of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated February 20, 2019. The order, after a fact-finding hearing, found that the father abused and neglected the subject child.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father sexually abused and neglected the subject child. Following a fact-finding hearing, the Family Court found that the father abused and neglected the child. The father appeals.
We agree with the Family Court's determination to permit the child to testify at the fact-finding hearing via closed-circuit television (see Matter of Michael U. [Marcus U.], 110 AD3d 821, 823; Matter of Elisha M.W. [Ronald W.], 96 AD3d 863, 864). "The right of a respondent parent to be present at every stage of a Family Court Act article 10 proceeding is not absolute, as such a proceeding is civil in nature'" (Matter of Elisha M.W. [Ronald W.], 96 AD3d at 864, quoting Matter of Q.-L. H., 27 AD3d 738, 739). "The Family Court must balance the respondent parent's due process rights with the mental and emotional well-being of the child" (Matter of Hannah T.R. [Soya R.], 149 AD3d 958, 959). Here, the Family Court properly weighed the respective rights and interests of the father and the child, who expressed fear about seeing the father during her testimony and worried she would not be able to testify if she saw him. We also note that the child was subject to vigorous cross-examination after her direct testimony. Accordingly, the father's contention that his due process rights were violated is without merit.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing that the child has been abused or neglected by "a preponderance of evidence" (Family Ct Act § 1046[b][i]; see Matter of Joseph L. [*2][Cyanne W.], 168 AD3d 1055, 1056). "The Family Court's assessment of credibility of the witnesses is entitled to considerable deference unless clearly unsupported by the record" (Matter of Joseph L. [Cyanne W.], 168 AD3d at 1056).
Here, the petitioner established by a preponderance of the evidence that the father abused and neglected the child by putting his hand into her pants while she lay in bed next to him and rubbing her buttocks (see Matter of M.W. [Mohammad W.], 172 AD3d 879, 881; Matter of Karen Patricia G., 44 AD3d 658, 660).
The father's contentions regarding a forensic mental health examination, raised for the first time on appeal, are not properly before this Court, and his remaining contention is without merit.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court