Matter of Ariana M. (Edward M.) (2020 NY Slip Op 00415)





Matter of Ariana M. (Edward M.)


2020 NY Slip Op 00415


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-03941
2018-03943
2019-11955
 (Docket Nos. N-30473-15, N-30474-15, N-19106-16)

[*1]In the Matter of Ariana M. (Anonymous). Administration for Children's Services, respondent; Edward M. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Serina M. (Anonymous). Administration for Children's Services, respondent; Edward M. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Samuel M. (Anonymous). Administration for Children's Services, respondent; Edward M. (Anonymous), appellant. (Proceeding No. 3.)


Michael A. Fiechter, Bellmore, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Jamison Davies of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell of counsel), attorney for the children.



DECISION & ORDER
In three related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated November 29, 2017, (2) a decision of the same court dated December 7, 2017, and (3) an order of disposition of the same court dated March 9, 2018. The order of fact-finding, after a fact-finding hearing, found that the father abused the child Ariana M., and neglected and derivatively neglected the children Serina M. and Samuel M. The order of disposition, after a dispositional hearing, inter alia, directed the father to comply with a final order of protection in favor of the child Ariana M.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order of disposition dated March 9, 2018, as directed the father to comply with a final order of protection in favor of the child Ariana M. [*2]is dismissed as academic, without costs or disbursements, as the order of protection has expired; and it is further,
ORDERED that the order of disposition dated March 9, 2018, is affirmed insofar as reviewed, without costs or disbursements.
The appeal from the order of fact-finding must be dismissed, because the order of fact-finding was superseded by the order of disposition dated March 9, 2018, relating to the child Ariana M., and by an order of disposition dated July 31, 2018, relating to the children Serina M. and Samuel M. The issues relating to the child Ariana M. raised on the appeal from the order of fact-finding are brought up for review and have been considered on the appeal from the order of disposition dated March 9, 2018. The issues relating to the children Serina M. and Samuel M. raised on the appeal from the order of fact-finding are brought up for review and have been considered on the related appeal from the order of disposition dated July 31, 2018 (see Matter of Serina M., ___ AD3d ___ [decided herewith]).
The Administration for Children's Services (hereinafter ACS) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father abused the child Ariana M. After a fact-finding hearing, the Family Court found, among other things, that the father had abused Ariana M. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Brianna M. [Corbert G.], 152 AD3d 600; Matter of Desiree P. [Michael H.], 149 AD3d 841). Here, the evidence adduced at the fact-finding hearing was sufficient to prove, by a preponderance of the evidence, that the father sexually abused the child Ariana M. (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600; Matter of Desiree P. [Michael H.], 149 AD3d 841). The finding of sexual abuse of Ariana M. was supported by that child's testimony about the sleeping arrangements during parental access with the father, which included Ariana M. sleeping in the same bed as the father and his girlfriend. Ariana M. further testified that, when she was 13 years old, the father touched her breasts and vagina and tried to insert his finger into her vagina, and that she later found matter which she described as "a white mucousy thing" on her shorts.
We disagree with the father's contentions challenging the Family Court's findings that he abused Ariana M. based on the fact that Ariana M. was permitted to testify via Skype and based on certain evidentiary determinations by the court. Contrary to the father's contention, the court did not violate his Sixth Amendment right of confrontation by permitting Ariana M. to testify via Skype. The court properly balanced the father's due process right as against the trauma to Ariana M. in permitting her to testify via Skype (see Matter of Hannah T.R. [Soya R.], 149 AD3d 958, 959; Matter of Michael U. [Marcus U.], 110 AD3d 821; Matter of Q.-L.H., 27 AD3d 738). The father was present in the courtroom during the testimony, and the father's attorney cross-examined Ariana M. on the father's behalf (see Matter of Hannah T.R. [Soya R.], 149 AD3d at 959; cf. Matter of Michael U. [Marcus U.], 110 AD3d 821; Matter of Q.-L.H., 27 AD3d 738).
We agree with the Family Court's determination to admit into evidence four Oral Transmittal Reports in connection with the child abuse proceeding against the father on behalf of Ariana M. for the limited purpose of establishing Ariana M.'s out-of-court statements (see Family Ct Act § 1046[a][vi]). Moreover, although the court should not have admitted a copy of the related criminal court complaint and a criminal court temporary order of protection, the admission of these documents constituted harmless error (see Matter of Stephanie R., 21 AD3d 417; Matter of Hughes v Sivertsen, 275 AD2d 414).
The father's contention that the Family Court should have given him oral and written notice pursuant to Family Court Act § 1052(c) is without merit. Pursuant to Family Court Act § 1052(c), a party adjudicated to have committed sexual abuse pursuant to Family Court Act § 1012(e)(i) or under the felony sex offender sections of the penal law are entitled to oral and written notice of the penalty attendant to any subsequent felony sex offender adjudication. The father, [*3]however, was determined to have sexually abused Ariana M. pursuant to Family Court Act § 1012(e)(iii), and thus no such notice was required.
Finally, the father's appeal from that portion of the order of disposition dated March 9, 2018, which directed him to comply with a final order of protection issued in favor of Ariana M. must be dismissed as academic. The order of protection has expired by its own terms and imposes no enduring consequences to the father (see Matter of Shanee R. [Young], 173 AD3d 1187; Matter of Hannah T.R. [Soya R.], 149 AD3d 957; Matter of Hannah T.R. [Soya R.], 145 AD3d 1012).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court